No. 3588.—STATE ex rel. PEYTON B. LYNCH et als. *v.* THE JUDGE
OF THE SECOND JUDICIAL DISTRICT COURT.

After the appeal bond has been given and filed in the record the jurisdiction of the appellate
court attaches, and the jurisdiction of the court *a qua* over the case is limited to the
inquiry as to the solvency of the security on the bond. If a rule be taken by the appellee
before the judge *a quo* to set aside the appeal on the ground that the surety is not good
and solvent, the Supreme Court will, on application for a writ of prohibition, examine the
evidence taken in the court below on the rule to set aside the appeal.

The failure of the appellant to qualify the surety on the appeal bond will not authorize the
judge *a quo* to dismiss the appeal, but the writ of prohibition and not that by mandamus
is the proper remedy for the appellant in such a case.

APPLICATION for a Writ of Mandamus.  *Pardee, J.  B. C. Elliott,*
for plaintiff in rule.  *Race, Foster & E. T. Merrick,* for defendant
in rule.

WYLY, J.  The complaint in this case is, that the judge has improp-
erly set aside the devolutive appeal taken by the relators in the case
of P. B. Lynch et als. *v.* A. J. Miller et als., on the ground that the
surety on the appeal bond is not good and sufficient.

In answer to the mandamus the judge states that " the plaintiff did
not take any legal steps to justify the surety, as will more fully appear
by the annexed copy of the petition for appeal, appeal bond and pro-
ceedings upon the rule made a part of this answer and return marked
'A.' The relator did not present any new bond for my consideration,
and merely asked leave to file one at a future day.  Not knowing any
law to justify me in refusing to pass upon the rule taken, and allow a
delay for the substitution of a new bond to be executed at a future
day at the pleasure of appellants, I proceeded in my judicial capacity
to pass upon the rule, *and there being no proof of the sufficiency of the
appeal bond the appeal was dismissed,* and no bill of exceptions was
taken to my ruling in refusing the delay to procure a new bond."

Upon his own showing, the District Judge had no ground to render
the order dismissing the appeal, there being no proof that the surety
on the bond for devolutive appeal was insufficient.

The fact that " the plaintiffs did not take any legal step to justify
the surety," did not authorize the judge to render the order setting
aside the appeal.  One might neglect to justify his surety and yet the
latter might be the most solvent person in the State.

It is well settled that after the appeal bond has been given the court
of the first instance can only inquire into the solvency of the surety,
and that this court will examine the evidence taken in relation thereto
on an application for the writ of prohibition.  In order to justify the
decree setting aside the appeal the insufficiency of the surety must
be shown affirmatively by competent evidence.  22 An. 591.  The
surety accepted on the bond in such cases is presumed to be good,
and if so, the jurisdiction of this court over the appeal is unimpaired,

State ex rel. Lynch et als. v. The Judge of the Second Judicial District Court.

notwithstanding the failure of the appellant- to justify or prove the solvency of his surety in the court *a qua*. 21 An. 730, 733, 736; 22 An. 115, 591.

But the relators have mistaken their remedy. It is by the writ of prohibition and not by mandamus. 21 An. 113. The relief sought can not, therefore, be granted.

It is therefore ordered that the mandamus applied for be disallowed, and that the petition be dismissed at the costs of the relators.

Mr. Justice Howell took no part in this decision.