State ex rel. Mrs. N. Favre vs. the Judge of the Fifth District Court.

No. 6365.

STATE EX REL. MRS. N. FAVRE VS. THE JUDGE OF THE FIFTH DISTRICT COURT, PARISH OF ORLEANS.

The appeal bond in this instance is for fifteen hundred dollars, and the surety swears that he holds and owns two promissory notes amounting to fifty-six hundred dollars, given for money loaned by him, on which the interest is regularly paid by the makers, and that he does not owe any thing. The question is, whether he is a good and solvent surety according to the law and jurisprudence of this State. It must be answered in the affirmative.

The act No. 24 of 1876 amending article 575, C. P., has not made the surety insufficient. The change from the previous article is the insertion of the sentence: "*And having property liable to seizure to the amount of the obligation within the State.*"

This court knows of no law and has been referred to none which exempts promissory notes from seizure. Hence the surety in this case is sufficient.

APPLICATION for a writ of prohibition against the judge of the Fifth District Court, parish of Orleans. *Gustavus Schmidt,* for relator. *Hornor & Benedict* and *F. W. Baker,* for respondent.

HOWELL, J. To the writ of prohibition issued herein the district judge answers that, upon hearing the evidence touching the sufficiency of the surety on the appeal bond, he decided that said surety was insufficient and ordered execution to issue on the judgment from which a suspensive appeal had been taken.

The bond is for fifteen hundred dollars, and the surety swears that he holds and owns two promissory notes amounting to five thousand six hundred dollars, given for money loaned by him, on which the interest is regularly paid by the makers, and that he does not owe any thing.

The question is, is he a good and solvent surety according to the law and jurisprudence of this State? Under the settled jurisprudence we would not hesitate to answer the question in the affirmative; but it is contended that act No. 24 of 1876 amending article 575, C. P., so changed the law as to make the surety insufficient. Said article, so far as it is material to this inquiry, reads: "Provided the appellant gives his obligation, with good and solvent security, residing within the jurisdiction of the court, and having property liable to seizure to the amount of the obligation within the State, in favor of the court rendering the judgment for a sum exceeding by one half the amount for which the judgment was given, if the same be for a specific sum," etc.

The change from the previous article is the insertion of the sentence "*and having property liable to seizure to the amount of the obligation within the State.*"

The law prior to this, fixing the qualifications of judicial sureties, was contained in article 3042, R. C. C., which had been so interpreted as to justify a surety residing within the jurisdiction of the court, but whose

property was out of the State, and this, we think, was the only change made in the qualifications required.   Although the law did not in express words say that the property must be *liable to seizure*, yet the investigation in every case, and the action of the courts thereon, were had with reference to that fact, for it could not have been correctly held that a surety was sufficient who showed that all his property was exempt from seizure.

We know of no law, and have been referred to none, which exempts promissory notes from seizure.   The records of our courts and reports of decisions present not a few cases where they have been seized, and we can not say that the difficulty and inconvenience of seizing them, so much discussed by the counsel, will authorize us in declaring them not *liable* to seizure.

We think that under the law and the jurisprudence of this State the surety in this case is sufficient, and it is therefore ordered that the prohibition herein be perpetuated.