No. 9992.

Orleans.

LOUIS A. MAGENDIE, SR., v. CONSTABLE FIRST CITY COURT OF NEW ORLEANS, ET AL.

(April 13, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Constitutional Law—Par. 26.

Sec. 5 of Act 29, 1924, which reads as follows: "No appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order; but where, upon a hearing a preliminary writ of injunction shall have been granted, continued, refused or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall have been refused by such order or decree, a devolutive, but not a suspensive, appeal may be taken as a matter of right from such interlocutory order or decree; provided, however, etc., etc.," is not in conflict with Sec. 29 of Art. VII of the Constitution of 1921.

2. Louisiana Digest—Constitutional Law—Par. 26.

In addition to the usual presumption of constitutionality of the Acts of the Legislature considerations of personal modesty, futility and inexperience in the administration of justice influence an intermediate appellate court in favor of the maintenance of their constitutionality.

Writ of mandamus, certiorari and prohibition.

Paul W. Maloney, relator.

Relator's application for writs of prohibition mandamus and certiorari denied.

WESTERFIELD, J. Relator seeks by mandamus to compel the judge of Div.

"A" of the Civil District Court to grant him a suspensive appeal from an order dissolving a temporary restraining order and refusing a preliminary injunction. Section 5 of Act 29 of 1924 reads:

"No appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order; but where upon a hearing a preliminary writ of injunction shall have been granted, continued, refused or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall have been refused by such order or decree, a devolutive, but not a suspensive, appeal may be taken as a matter of right from such interlocutory order or decree; provided, however, etc., etc."

Relator attacks the Constitutionality of the Act of 1924 upon the ground that Sec. 29 of Art. VII of the Constitution of 1921 gives the right of appeal in all cases. This Article is as follows:

"Section 29. The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, * * * (Black letters ours.)

We have been referred to no authority holding that this article of the Constitution is susceptible of this construction and for our part do not think so.

Section 1 of Art. VII is of interest in this connection:

" * * * In all cases when there is an appeal from a judgment on a reconventional or other incidental demand, the appeal shall lie to the Court having jurisdiction of the main demand. If there be no right of appeal on the main demand, the appeal shall lie to the Court having jurisdiction of the reconventional demand."

In the case of Allen Nugent & Co. vs. G. W. Kory, et al., 32 La. Ann. 1126, Chief Justice Bermudez observes:

"The right of appeal is a Constitutional and valuable one, which should always be entertained with favor whenever it exists." (Black letters mine.)

We interpret this remark as meaning that in all cases where the Constitution grants the right of appeal a liberal construction should be indulged to the end that the right of appeal be encouraged and favored. This view is supported by the fact that Chief Justice Bermudez in the opinion we have cited has based his opinion upon the authority of State ex rel. Durand vs. Judge, 30 La. Ann. 285, where we find the following expression:

"The right of appeal is a precious one and it should be favored and aided by the courts."

As pointed out by the learned respondent judge, "the law (not the Constitution) provides for suspensive appeals and denies suspensive appeals * * * i. e., judgments appointing tutors, administrators, syndics, curators, etc."

The Act assailed amended the provisions of the Code of Practice which gave the right to a suspensive appeal from a judgment dissolving a preliminary writ of injunction. Whether the change was wise or otherwise, we are not called upon to determine. The legislature is presumed to have acted within the Constitution and all doubts must be resolved in favor of the Constitutionality of the act. Moreover, as an intermediate court, whose judgment is subject to review by the Supreme Court, every consideration of personal modesty as well as expediency in the administration of justice suggests the propriety of allowing the Supreme Court the exclusive prerogative of impeaching the legislative will except in extreme cases of patent unconstitutionality.

For the reasons assigned the alternate writs of prohibition, mandamus and certiorari heretofore issued are recalled and relator's application is denied at his cost.

CLAIBORNE, J.    For reasons given in Paul vs. Tabony, 1 La. App. 543, I respectfully dissent.