No.——

First Circuit

———

SLAUGHTER, ET AL., v. NEW ST. JOHN MISSIONARY BAPTIST CHURCH

———

(December 6, 1927. Opinion and Decree.)
(April 11, 1928. Opinion and Decree on Rehearing.)
(May 8, 1928. Rehearing Refused.)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Courts—Par. 126.**

The Court of Appeal has no jurisdiction over a case involving protection in the enjoyment of a civil right because Sec. 35, Art. VII, of the Constitution gives District Courts original jurisdiction although Sec. 29 of Art. VII gives the Court of Appeal the right to hear appeals only in cases where the District Court has exclusive original jurisdiction.

REVERSED ON REHEARING

2. **Louisiana Digest—Courts — Par. 126; Constitution and Constitutional Law—Par. 8, 9.**

Sec. 29 of Art. VII of the Constitution gives the Court of Appeal jurisdiction in all cases where the District Courts have exclusive original jurisdiction. Although the Constitution does not grant the right of appeal in expressed terms where the District Court has original jurisdiction, nevertheless the Constitution should be given a liberal construction, especially in regard to the right of appeal, which should be encouraged and favored. Court of Appeal has jurisdiction in this case, although the District Court had original jurisdiction, but not exclusive original jurisdiction.

ON THE MERITS

3. **Louisiana Digest—Religion and Religious Corporations—Par. 2; Injunction Par. 18, 35.**

Where a church corporation has the provision that failure of a member to discharge his obligation towards the financial support of the corporation within a year will cause a dismissal from the corporation without formal action on its part, an injunction will properly be perpetuated prohibiting the suspension or expulsion of a member for non-payment of dues within a year.

Appeal from the Parish of East Baton Rouge. Hon. Wm. Caruth Jones, Judge.

Action by Sam Slaughter, et al., against New St. John Missionary Baptist Church.

There was judgment on original hearing dismissing suit for want of jurisdiction. This ruling was reversed on rehearing and judgment of District Court affirmed.

LECHE, J. The purpose of this suit is to enjoin the defendant corporation from expelling the plaintiffs from membership in the organization. There is no demand or claim for money, but it is merely an appeal to the court for protection in the enjoyment of an alleged civil right. A demand of this kind is, according to Section 35, Article VII, of the Constitution, within the jurisdiction of District Courts. The

language of the Constitution is as follows:

"The District Courts * * * shall have *original* jurisdiction * * * in all cases * * * where civil or political rights are involved * * * ."

The question which suggests itself to us, is whether we have appellate jurisdiction in the case.

In another paragraph of Section 35 of the same article in the Constitution, District Courts are given exclusive original jurisdiction in criminal cases, probate and succession matters, receiverships, etc.

Section 29 of Article VII vests this Court with appellate jurisdiction in all cases, civil or probate, of which District Courts have *exclusive* original jurisdiction regardless of the amount in dispute and of which the Supreme Court is not given jurisdiction. By this language our appellate jurisdiction only extends to cases where the District Courts have exclusive original jurisdiction, and as the jurisdiction of the District Court over this case, said to involve a civil right, is not in terms "exclusive" but only original, the logical inference is that it does not come within our appellate jurisdiction.

For these reasons, the present appeal should be dismissed, and

It is so ordered.

---

## ON REHEARING

MOUTON, J. On the original hearing this case was submitted on the merits, but was dismissed for want of jurisdiction in this Court.

The demand herein, as was said by us in the original opinion, is not on a claim for money, but is merely an appeal for the protection of an alleged civil right.

We found that in cases of this nature, the District Courts are vested under Section 35, Article 7, of the Constitution with original, but not in terms, exclusive jurisdiction. As there was no amount in contest, and the jurisdiction of the District Court was not in terms exclusive, we held that we had no jurisdiction under Section 29, Article 7, of the Constitution and therefore dismissed the appeal. A rehearing was granted.

Paragraph 3 of Section 35 of Article 7 of the Constitution gives original jurisdiction to District Courts in cases where civil rights are involved, but does not expressly declare that this jurisdiction shall also be exclusive. In the paragraph following, exclusive original jurisdiction is conferred on those courts in cases which are therein pointed out, but in which no mention or reference is made to cases involving civil rights. In Section 48, Article 7, of the Constitution, the jurisdiction of justices of the peace is defined, but it nowhere appears therein that they are given any jurisdiction whatsoever when civil rights are in contest or concerned. As they have no jurisdiction in such cases, it is impossible to escape the conclusion that the jurisdiction of the District Courts where civil rights are in contest, is original and exclusive. Section 29, Article 7, of the Constitution gives this Court jurisdiction in all cases where the District Courts have original exclusive jurisdiction. As those courts have exclusive original jurisdiction where civil rights are involved as hereinabove remarked, this Court has jurisdiction regardless of the amount involved under Section 29. We do not think our jurisdiction should be confined to appeals in cases where the State, a parish, or a succession, etc., is a defendant, regardless of the amount in dispute, which under paragraph 4 of Section 35 of the Constitution are placed within the exclusive

original jurisdiction of district judges.

Section 29 gives us jurisdiction in all cases where the District Courts have original exclusive jurisdiction. In this case the lower court had that jurisdiction, although it is not granted to it in express terms, the right of appeal therefore exists and this Court should not be deprived of its authority to review the case, otherwise the Constitution would be given a narrow construction instead of a liberal one, the rule which obtains for the protection of the right of appeal which is precious and should be encouraged and favored. State ex rel. Durand et al. v. Parish Judge of St. Martin Parish, 30 La. 285; Magendie, Sr., v. Constable, 4 La. App. 718. Civil rights frequently involve the solution of extremely important issues, and we think that contests over such questions come within our appellate jurisdiction regardless of the amount in dispute, under the enlarged jurisdiction conferred on this Court by the recent Constitution. Having reached that conclusion after a re-examination of this case, our former opinion and decree are set aside, and we shall now pass to a consideration of the issues of the case which were submitted to us on the original trial.

The New St. John Missionary Baptist Church was organized under its charter in July, 1921. In the act of incorporation is the following clause: "Any member failing to contribute to the financial support of the corporation when able to do so for the space of one year, *shall* ipso facto, and without any formal action on the part of the corporation immediately cease to be a member of this corporation." In the above it will be noticed that any member who fails to contribute to the financial support of the corporation during one year, ceases ipso facto to be a member of the corporation. Plaintiffs, alleging that they had paid all their dues or assessments in the year 1926, and that for valid reasons had not paid these dues for 1927, but that they were not one year in arrears, and, further averring that the Board of Deacons and other officers of the corporation had procured the adoption of a resolution expelling therefrom all members who were in arrears in any amount, and that if the said New St. John Missionary Baptist Church were not restrained by injunction, plaintiffs would be illegally ousted from its membership, prayed for the issuance of the writ which was issued and maintained.

In the court below defendant filed exceptions of vagueness, misjoinder, no cause of action, and of jurisdiction ratione materiae. They were all overruled. In this Court, in the brief filed by counsel for defendant, the only exception insisted upon, is the one challenging the jurisdiction of the lower court.

This exception is based on the ground that the only issue presented is one of church discipline, is spiritual and ecclesiastical, and that over such controversies the courts of law have no jurisdiction. In support of that contention among many adjudications on the subject counsel for defendant cites State ex rel. Sloane vs. Hebrew Congregation, 31 La. Ann. 205, where it was said in the course of the opinion, that the preponderating weight of judicial authority is, that whenever the question of discipline or of faith or ecclesiastical rule, custom or law have been decided by the highest church judicatories to which the matter has been carried the legal tribunals must accept such decisions as final and binding on them in their application to the case before them. "Questions of discipline," the words used in the above quotation, evidently have reference to matters of faith, ecclesiastical rule, custom or law which belong to the realm of the

spiritual, and are outside the sphere of legal tribunals. In such cases the courts of law have no jurisdiction and can not interfere in controversies which have been adjudicated upon by the highest church judicatories. The right of the civil courts to intervene in ecclesiastical disputes is well stated in several authorities cited by counsel for defendant, and in the language following: The jurisdiction of the civil courts to interfere with ecclesiastical controversies is limited to those cases in which the rights of property or civil rights are involved." The above ruling is in harmony with the views expressed by our court in State ex rel. Soaree vs. Hebrew Congregation "Dispersed of Judah," 31 La. Ann. 205, and is in keeping with the general doctrine enunciated by almost all of the courts of the various jurisdictions. In connection with our statement taken from State ex rel. Soare vs. Hebrew, 31 La. Ann. 205, in reference to discipline in matters of faith, ecclesiastical rule or custom which fall within the jurisdiction of high church judicatories, it is proper to refer to a part hereinabove quoted from the charter of the New St. John Baptist Church, which in providing for cessation of membership therein for failure of a member to send in financial support to the corporation for the space of one year, says: "Shall ipso facto, and without any formal action on the part of the corporation, immediately cease to be a member of this corporation." Here it is unequivocally stated upon failure of a member to discharge his obligation towards the financial support of the corporation within the year, a dismissal from the corporation will follow and without formal action on its part. This penalty or forfeiture of the right of membership in the corporation thus imposed, is based on the contractual obligations which were created between the members by the charter or act of incorporation. This forfeiture for failure to make the required contribution refers to the corporation directly, is self-operative, and is not made dependent in the slightest degree to the lack of obedience, fidelity or conformity to any discipline, church regulation, ecclesiastical custom or law which might become in case of controversy a proper subject for solution by a church judicatory. The payment of the annual dues by the members was covenanted in the charter and created a civil obligation that was legally binding on the members of the corporation. The obligation exacting a financial contribution to the corporation by the members, it occurs to us, pertains to the material side of life, rather than to the ethereal or spiritual. The issue presented a contest over a civil right, and the lower court had jurisdiction.

In our original opinion we dismissed the suit, holding that though the controverted question was over a civil right, we had no jurisdiction because the Constitution had not declared in express terms that in cases involving such rights the District Courts had exclusive original jurisdiction, so as to invest us with authority to review the case under Section 29 of the Constitution. On a motion for a rehearing, counsel for defendant succeeded in convincing us that as this was a dispute over a civil right, we had jurisdiction regardless of the fact that the Constitution had not declared in so many words that the District Court had exclusive original jurisdiction therein. It would be rather difficult for us to say that we have jurisdiction because the issue involves a contention over a civil right, and at the same time to decree that the lower court had no jurisdiction for the reason that the controverted matter presented an issue purely spiritual or ecclesiastical. We could not adjust ourselves to such contradictory positions, and must conclude for the reasons hereinabove stated

29  La. App.

that we have jurisdiction of this case; that the lower court also had jurisdiction, and *properly perpetuated the injunction prohibiting the suspension or expelling of plaintiffs from membership in the New St. John Missionary Baptist Church.*