SOUTHERN DEVELOPMENT CO. v. GRECO

(April 23, 1928. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Appeal—Par. 320, 583; Prohibition—Par. 8.**

Because appellee objects to the validity of the appeal bond, appellant is not obliged to furnish another bond, he may stand upon the original bond and appeal from a judgment adverse to its validity. (In this case by writ of prohibition.)

2. **Louisiana Digest—Appeal—Par. 310, 311.**

A surety on an appeal bond for $3100 meets the requirements of the law if he owns a home worth $5500 mortgaged for $2100, and $5000 of shares of stock in a hotel company, and earns a salary of $175 a month.

Appeal from Civil District Court. Hon. Mark M. Boatner, Judge.

Action by the Southern Development Company against Constant Greco.

There was judgment for plaintiff and defendant appealed.

Appeal dismissed by District Court for insufficient bond. Defendant applied for writ of prohibition.

Judgment dismissing appeal reversed and set aside and prohibition made perpetual.

Bernard Titche, Jr., of New Orleans, attorney for respondent.

E. S. Hayford, of New Orleans, attorney for relator.

CLAIBORNE, J. The plaintiff obtained a judgment against the defendant for one thousand nine hundred and nineteen dollars. From that judgment the defendant obtained a suspensive and devolutive appeal upon his furnishing bond for a suspensive appeal in the amount fixed by law, and for a devolutive appeal in the sum of fifty dollars.

Accordingly the defendant furnished a bond of three thousand one hundred dollars, and filed the transcript of appeal in this court under the No. 11,340.

The bond for $3100 furnished by the defendant and appellant was signed by Frank Roques as surety.

Thereupon plaintiff and appellee took a rule on defendant and appellant to show cause why his appeal should not be dismissed "because the surety thereon was not good and solvent."

Evidence concerning the solvency of Frank Roques, the surety, was taken and, after hearing, the rule to dismiss the appeal was made absolute, the trial judge holding that it was made certain that the surety was not possessed of property liable to seizure to an amount of $3100.

Although the judgment appears nowhere in the record, it is admitted that the rule

was absolute and that the appeal was dismissed.

The appellant has applied to this court for a writ of prohibition maintaining the sufficiency of the surety and prohibiting the execution of the judgment.

Appellee objects that under Act 112 of 1916, page 243, appellant's only remedy was to file another bond within 48 hours. This is an error. Section 2 of said Act confers on the appellant a delay of 48 hours, after notice, to furnish additional bond in case the original bond is insufficient for any error in the amount thereof, or insolvency of the surety, or for any error in the language of the bond; but it does not preclude the appellant from standing upon his original bond and appealing from a judgment adverse to its validity.

The surety testified that his property consisted of the following assets:

He owns the property No. 1670 North White Street in this City in which he lives with his wife and two children; he bought it through the Conservative Homestead for $4700; he has paid upon it all but $2100 upon which he must pay $42 every 4 weeks; he values his property at $6000; it is assessed $3500; he rents out one-half of it for $25 per month and occupies the other half.

He also owns 50 shares of the Planters' Hotel Company, for which he paid $5000; he holds the certificate of stock and keeps it in the safe of the Planters' Hotel; the capital of the Planters' Hotel, Inc., is $25,000; it does not own the hotel, it only runs it; it declared 15% dividend last year; it may declare a dividend this year, though the business has not been so good; he is manager of the hotel, secretary-treasurer and receives a salary of $175 per month.

Charles Kohlmeyer is vice-president of the Interstate Trust and Banking Company; about a year ago he owned five shares of the Planters' Hotel Co. which he sold for $150 per share.

N. J. Clesi is vice-president and appraiser of the Italian Homestead Association; he investigated the property of Roques, the surety; and says it is worth between $5500 and $6000.

Albert S. Nunez is a real estate broker; he has visited the property 1670 North White Street; it is bounded by Paul Morphy, Derbigny and Broad and Onzaga Streets; it is worth at least $5500.

Fred Demoruelle operates in real estate and in building materials; he has visited the property and values it at $5500.

Constant Greco is owner of Planters' Hotel Company stock; he paid $150 per share for it; he sold the stock to Roques; Roques paid him first $3000 and last $2000; he obtained it from a person by the name of Almanach.

The qualifications of a surety on an appeal bond are governed by Article 575 of the Code of Practice and its amendments. The original Article 575 required "a good and solvent security."

The Supreme Court in the years 1870-1873 in Sampson vs. Gillis & Ferguson, 22 La. Ann. 591; State ex rel. Lynch vs. Judge of Second Judicial Court, 23 La. Ann. 714; and State of La. ex rel. Hays vs. Judge of Fifth District Court, 25 La. Ann. 616, decided that the burden was upon the appellee to prove the insolvency of the surety. In order to reverse this "offensive jurisprudence" (State ex rel. Menge vs. Rightor, 36 La. Ann. 712) the legislature in 1876 adopted Act 24, page 49, providing that appellant must give his obligation, with good and solvent security, residing within the jurisdiction of the court, and having property "liable to seizure" to the amount of the obligation within the State * * * provided further that the

party furnishing the security shall prove his solvency to the satisfaction of the court whenever it is questioned by any party interested in the appeal.

In the same year, 1876, Act 67, page 109 was passed providing that:

"The debtor obliged to furnish security must offer a person able to contract, having property 'liable to seizure' within the State sufficient to answer for the amount of the obligation, and whose domicile is in the jurisdiction of the court where it is to be given." Act 225 of 1908, p. 342.

Act 45 of 1890, page 38, again amended Article 575. The terms are the same as those in Act 24 of 1896 with the exception of the words "liable to seizure" which are omitted. We are not concerned with that difference inasmuch as it is not disputed that all the property of the surety is "liable to seizure" in the sense that it is not "exempted." State ex rel. Favore vs. Judge, 28 La. Ann. 884.

In the case of Vredenburg vs. Behan, 32 La. Ann. 475, Judge Spencer, on p. 480, said:

"When the law requires a surety to be given, it does not intend a mere formality to be gone through. It intends that the creditor shall have pledged for his debt something that may be made available for its payment." Also 36 A.

The only question therefore remaining is whether the surety has "property within the State sufficient to answer for the amount of the obligation."

The bond is for $3100.

It is not alleged that the amount is insufficient.

The testimony is that the surety owns the property in which he resides, No. 1670 North White Street; that he purchased it from a homestead company for $4700 and remains owing upon it $2100; that it is a double cottage; he rents one side of it for $25 and lives on the other side; he has improved the property since he purchased it;

three expert witnesses, uncontradicted, testify that the property is worth today $5500 or $6000; this would leave an equity or margin of $3400. Under the authority of State ex rel. Shropshire, 23 A. 491, the surety is sufficient.

Besides this immovable the surety owns fifty shares of the Planters' Hotel Company. The district judge disregarded this asset on the ground that it was a precarious investment, of doubtful value, easily disposed of, and difficult, if not impossible, to seize the certificates.

The reasons of the learned judge are very forcible, but not sufficient under the jurisprudence.

In State ex rel. Kane vs. Judge, 23 La. Ann. 279, the bond was for $200; the property of the surety was all movable and estimated by him at $600. The court said:

"This seems to answer the requirements of the law. A surety is not required to own immovable property but to have property sufficient, at the time of signing the bond, to answer for the amount of the obligation assumed by him. There is nothing in the record which leads us to suppose or conclude that his property, as described by him, is insufficient in value and amount to meet the obligation signed by him. The theory that the property may deteriorate or be disposed of before the termination of the litigation would render most sureties doubtful, at least, it made the test of sufficiency. The law rather presumes that every man will endeavor to increase than lessen his possessions."

In State ex rel. N. O. Item Co. vs. Judge, 6 Orl. App. 173, the surety signed a bond for $1000. Over and above shares of stock in the Item Co., the surety owned bonds of a publishing company in Virginia to the extent of $7000 worth par. The surety was held sufficient.

In the case of State ex rel. Favre vs. Judge, 28 La. Ann. 884, the bond was for $1500. The surety held and owned two promissory notes amounting to $5600 upon

which the interest was regularly paid by the makers. The Court said:

"We know of no law, and we have been referred to none which exempts promissory notes from seizure. The records of our courts and reports of decisions present not a few cases where they have been seized, and we cannot say that the difficulty and inconvenience of seizing them, so much discussed by the counsel, will authorize us in declaring them not liable to seizure."

We think that under the law and the jurisprudence of this State the surety in this case is sufficient.

In the case of State ex rel Lynne vs. Judge, 24 La. Ann. 328, the surety's bond was for $2000. He swore he was worth $7000. The fact that one piece of real estate was assessed for a smaller amount than that which he paid for it, and that it was advertised for sale under foreclosure was not sufficient to defeat his estimate.

The case of State ex rel Menge vs. Judge, 36 La. Ann. 711, decided in 1884, is not in conflict with these opinions. In that case the able Chief Justice Bermudez interpreted the words of the statute of 1876 "liable to seizure" to mean "susceptible of seizure." But Act 45 of 1890 has omitted those words perhaps in consequence of that decision thus rendering the decision in the Menge case inapplicable.

In the case of Stores vs. Judge, 21 A. 735, the surety signed a bond of $2000 his property consisted of stock in trade money in bank and in pocket, and $6000 outstanding loans; he had two stores; the stock of both was about $6000; he owed $2200; he owned a judgment against solvent parties for which he had been offered $10,000; he was worth in all $20,000.

The court held the surety sufficient.

In State ex rel Pontchartrain Rrd. vs. Judge, 27 A. 697, the bond was for $16,050. The surety's property was all personal which he valued at $35,000. He owed $10,000. Much of his property was pledged to secure $8,000; he was also surety on another bond of $5000. The court said:

"The property of the surety on the bond is all personal property; but this is no objection."

Nor do we believe that the authority of the above decisions is affected by Section 4 of Act 112 of 1916, p. 242.

That section provides:

"That no officer of any court shall accept any bond, unless each surety thereon shall have made oath that he is worth over and above all his debts and obligations, in assets that can be subjected to levy under execution the amount for which said surety has bound himself in said bond."

We are of the opinion that this language conveys the same meaning as "liable to seizure," that is, not exempt from seizure, "but that can be, or may be, subjected to levy under execution." The difficulty of subjecting to execution not being an element of solvency under the decisions above quoted.

It is therefore ordered that the preliminary writ herein issued be made perpetual; that the plaintiff herein, the Southern Development Company, Inc., and the respondent Judge of the District Court be prohibited from executing the judgment in the case of the Southern Development Company, Inc., vs. Constant Greco, No. 171,677 of the Civil District Court for the Parish of Orleans, and that the judgment of said court dismissing the appeal taken from said judgment be and is hereby reversed and set aside, the said Southern Development Co., Inc., to pay the costs of this proceeding.

Judgment dismissing appeal reversed and set aside, and prohibition made perpetual.