AMERICAN BRICK CO., INC., v. TULANE INV. CO. ET AL.

(June 10, 1929. Opinion and Decree.)
(October 8, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

Henry J. Rhodes and J. A. Morales, of New Orleans, attorneys for respondents.

JANVIER, J. This matter comes before us as a result of the granting by us of an alternative writ of certiorari, and it involves the question of the correctness, vel non, of the action of the lower court in dismissing an appeal because of insufficiency of surety tendered on a suspensive appeal bond.

Judgment was rendered below for plaintiff and against two defendants, Tulane Investment Company, Inc., and Galvez Realty Company, Inc.

Tulane Investment Company, Inc., apparently execution proof, did not appeal, but Galvez Realty Company, Inc., obtained an order for suspensive and devolutive appeals. The bond offered on the suspensive appeal in the sum of $1,100 was signed by one Manuel Aranda as surety.

On a rule to test the surety the evidence showed rather conclusively that it would have been a very difficult matter for plaintiff, in the event of an affirmance of its judgment, to collect the amount thereof out of the assets of the surety. It is true that, conceding the correctness of the surety's estimate as to the value of certain properties owned by him, and accepting as true his statements as to the encumbrances existing against these properties, there would possibly have remained sufficient equity to provide for the payment of the judgment.

However, the evidence as to the real value of the properties convinced the trial judge that there was grave doubt of the probability of success of an attempt to execute the judgment against these properties. Judgment was accordingly rendered decreeing the surety insufficient.

Within the delay provided for by Act 284 of 1928, which amends section 3 of Act 112 of 1916, a new bond was furnished, bearing the names of two sureties, Manuel Aranda, who was surety on the first bond, and Joseph Hallick. Again a rule to test the sufficiency of the sureties was filed. When this rule was tried, Hallick was asked if he had signed the bond, and his answer was, "No." Later, after some questioning, he admitted that he had signed the affidavit attached to the bond, but stated that he had no recollection of having signed the bond. Still later, however, he admitted having signed it.

Hallick's testimony as to the properties owned by him, and as to their value, was, according to the return filed with us by the trial court, very confusing and not at all persuasive. That it would have been difficult, if not impossible, to recover anything from him out of those properties, is well evidenced by the fact that there were recorded against him two judgments, one for $59 and another for $350. If the holders of those judgments could not collect them, surely he was not a proper surety on a much larger bond.

Relator contends that, after the trial of the first rule, Aranda acquired additional

property, and should, on the trial of the second rule, have been adjudged a sufficient surety. The additional property, according to the return of the trial judge, was a note of the Tulane Investment Company, Inc., the other judgment debtor. Since the plaintiff had been unable to collect its judgment from the Tulane Investment Company, Inc., we cannot see how the acquisition by Aranda of a note made by that concern could have added anything to the prospects of collection of the judgment, if he were accepted as surety.

On the whole the record convinces us that if either or both of the sureties had been approved, and if the judgment had been affirmed, plaintiff would have had little hope of collecting his judgment out of the bond.

It is true that our law favors the right of appeal:

"* * * The right of appeal therefore exists and this court should not be deprived of its authority to review the case, otherwise the constitution would be given a narrow construction instead of a liberal one, the rule which obtains for the protection of the right of appeal which is precious and should be encouraged and favored. State ex rel. Durand, et al. v. Parish Judge of St. Martin Parish, 30 La. (Ann.) 285; Magendie, Sr. v. Constable, 4 La. App. 718." Slaughter vs. New St. John Missionary Baptist Church, 8 La. App. 432.

It is also true, however, that one who has obtained a judgment below should not be required to defend that judgment in an appellate court until there has been furnished a bond which will insure the collection of the judgment in the event of its affirmance.

"When the law requires a surety to be given, it does not intend a mere formality to be gone through. It intends that the creditor shall have pledged for his debt something that may be made available for its payment." Vredenburgh vs. Behan, 32 La. Ann. 475.

It should be borne in mind that the burden of producing evidence to satisfy the court as to the solvency of the surety is upon him who furnishes the bond. Until the adoption of Act 24 of 1876, the burden of proving insolvency was upon the appellee. Sampson vs. Gillis & Ferguson, 22 La. Ann. 591; State ex rel. Lynch vs. Judge, 23 La. Ann. 714; State ex rel. Hays v. Judge, 25 La. Ann. 616. However, in 1876 Act 24 was passed, and in that act it was:

"Provided, further, that the party furnishing the security shall prove his solvency to the satisfaction of the court, whenever it is questioned by any party interested in the appeal."

We are thoroughly in accord with the views expressed in Southern Development Co. vs. Greco, 8 La. App. 1, so far as the law applicable is concerned. In the Greco case, however, the evidence showed that the surety owned property within the jurisdiction of the court and in excess of the amount of the bond, whereas here the contrary seems to be the case.

It is therefore ordered, adjudged, and decreed that the alternative writs of certiorari, mandamus, and prohibition be and they are recalled and vacated, and that relator's application be and it is dismissed, at its cost.

Writs recalled and vacated.