AMERICAN BRICK CO., INC., v. THE TULANE INVESTMENT CO., INC. ET AL.

———

(November 3, 1930.   Opinion and Decree.)

———

Deutsch & Kerrigan and Bert Flanders, Jr., of New Orleans, attorneys for plaintiff, appellant.

Henry J. Rhodes, of New Orleans, attorney for defendants, appellees.

HIGGINS, J. Plaintiff, a materialman, sued the defendants, the contractor and the owner of real estate, in solido and asked for maintenance and recognition of its materialman's lien and privilege on the improvement and land upon which it was situated. There was judgment in favor of the plaintiff as prayed for, and only the defendant owner appealed both suspensively and devolutively.

An appeal bond was furnished, and the plaintiff took a rule to show cause why the appeal should not be dismissed because of insufficient assets of the surety. On the trial of the rule the judge a quo made the rule absolute, but allowed the defendant five days within which to file another bond. Within this time the defendant furnished another bond, and again plaintiff took a rule to show cause why the appeal should not be dismissed because of insufficient assets of the surety on the second appeal bond. The court below made the rule absolute and dismissed the appeal. Defendant then sought and obtained a writ of prohibition in this court which was subsequently recalled and vacated. Defendant then unsuccessfully sought a writ of certiorari from the Supreme Court. This court then ordered the record returned to the lower court. American Brick Co., Inc., v. Tulane Investment Co., Inc., 11 La. App. 173, 123 So. 160.

The plaintiff sought to execute its judgment against the defendants without success and filed a rule against the surety on the second appeal bond to show cause why judgment should not be rendered against him as had been rendered against the defendant owner. There was judgment in favor of the surety, the defendant in rule, and plaintiff has appealed.

The plaintiff contends that, as article 579 of the Code of Practice provides that the appeal bond shall be so conditioned "that the appellant shall prosecute his appeal, and that he shall satisfy whatever judgment may be rendered against him * * * if he be cast in his appeal, otherwise that the surety shall be liable in his place," and that as the defendant owner, as appellant, neither duly prosecuted its appeal nor satisfied the judgment rendered against it, the surety was liable.

Defendant in rule contends that, as the plaintiff refused to accept the appeal bond because of insufficiency of the surety and caused the appeal bond to be rejected and the appeal dismissed, and having only obligated himself to pay whatever judgment might be rendered on appeal, and no judgment having been thus rendered, he was not liable.

In the case of Agelasto v. Mills, 30 La. Ann. 1345, where the plaintiff caused the appeal bond to be rejected and the appeal dismissed because of insolvency of the sure-

ty on the appeal bond, the Supreme Court said:

"The district court discharged the rule on the ground that where the appeal was set aside because of the insolvency of the sureties there was no longer an appeal bond, there were no sureties, there was no appeal; and that the judgment setting aside the appeal and releasing the sureties stands unreversed and is forever final.

"If it had been. * * *

"But it is clear that if the appellee procure the judgment of the district court setting aside the appeal for want of a sufficient bond, he has no claim on the sureties, whom he has thus formally refused to accept. It is obvious that the right of the plaintiff to proceed, after the district court has set aside the order of appeal for insolvency of the sureties, is no longer suspended by the appeal; and if he is delayed until the final hearing of the appeal, it must be because of some other act on the part of the appellant, or some omission on the part of the appellee, for which the rejected and released sureties in the appeal bond are not answerable."

We are of the opinion that the instant case is covered by the above authority.

Counsel for the plaintiff, however, has referred us to the cases of Simonds v. Heinn, 22 La. Ann. 296, and Denis v. Veazey, 12 Mart. (O. S.) 79. We do not believe these cases are in point because in both cases the appellant abandoned the appeal, and the sureties were held liable because the appellant had failed to prosecute his appeal. In the present case the appellant did not abandon its appeal, but insisted that its appeal was properly taken, and that the surety on the appeal bond should have been accepted by the judge a quo as a competent surety.

For the reasons assigned, the judgment of the district court is affirmed at plaintiff's cost.