MENEFEE MOTOR CO., INC., v. PIQUE

———

(July 20, 1931.  Opinion and Decree.)

———

Clarence de Lucas, of New Orleans, attorney for plaintiff, appellee.

J. O. Chamberlain, of New Orleans, attorney for defendant, appellant.

ON MOTION TO DISMISS

HIGGINS, J.  Appellee moves to dismiss this appeal upon the following grounds: First, that the appellant has failed to furnish an appeal bond; and, second, that the transcript is incomplete because it does not contain four exhibits which appellant offered in evidence in the trial court.

We have not been favored with a brief by counsel for appellant.

The record shows that the plaintiff was awarded a monied judgment against the defendant, who obtained an order for a suspensive appeal and furnished an appeal bond.

On a rule taken by the plaintiff, the trial court held the surety on the bond to be deficient and ordered defendant to furnish a proper surety within four judicial days. Within the allotted time a second suspensive appeal bond was given, and a rule was again taken to test the surety.  The court again held that the surety was deficient and set aside the order granting the appeal.  The defendant and appellant did not appeal from either of these judgments.

The law governing the case is found in the provisions of Act No. 284 of 1928 amending section 3 of Act No. 112 of 1916, the relevant part of which reads as follows:

"* * * That should any bond be declared invalid for any reason whatsoever, the party furnishing such bond shall have the right, within four judicial days thereafter, to furnish a new bond; and provided further, that should this new bond be found to be defective in any respect whatever, or the surety or sureties insufficient, the person furnishing such new bond shall not thereafter be entitled to furnish any additional bond."

It would appear from the foregoing that where a defective or insufficient bond has

been given, the party furnishing it is allowed an opportunity to substitute a proper bond. But, if the second bond proves to be defective, the furnisher of the bond shall not thereafter be permitted to give any additional bond.

The articles of the Code of Practice require, in cases of monied judgments, that a bond in the sum of one and one-half times the amount of the judgment be furnished securing the payment of any judgment that might be rendered in the cause on appeal. Code of Practice, art. 575. The situation is the same as if no bond at all had been given, consequently the motion to dismiss must prevail.

It is unnecessary to discuss the second point.

For the reasons assigned, it is ordered, adjudged, and decreed that the motion to dismiss the appeal be, and it is hereby, sustained, and the appeal dismissed at appellant's cost.