## DELATOUR v. RISPOLI POULTRY, Inc., et al.

### No. 16187.

Court of Appeal of Louisiana.  Orleans.

May 17, 1937.

John H. Hammel, Jr., of New Orleans, for mover.

PER CURIAM.

Appellee moves to dismiss this suspensive appeal on the ground that the appellant has not furnished sufficient surety on the appeal bond.  Counsel for appellant has filed no brief.

The record shows that the plaintiff was awarded judgment against defendant in the sum of $183.50 and that defendant obtained an order for a suspensive appeal and furnished bond.  Plaintiff-appellee, by rule, tested the sufficiency of the surety and obtained a judgment holding the surety deficient.  Within the four days permitted by Act No. 284 of 1928, a second bond was furnished and a rule was again taken to test the surety.  The court again held the surety insufficient.  Defendant-appellant thereupon applied to this court for a writ of prohibition to prevent the issuance of execution under the judgment and also for an alternative writ of certiorari praying that we hold the surety sufficient.  We refused to grant the writs prayed for.

That the trial court retains jurisdiction for the purpose of testing the surety on the appeal bond is the necessary result of the application of the statute which we have referred to and is well settled.  See Mundy v. Phillips, 157 La. 445, 102 So. 519.  The law is settled that, in such situation as is presented here, the appeal must be dismissed because of the holding below that the surety on the appeal bond is insufficient.  See Menefee Motor Co. v. Pique, 17 La.App. 431, 136 So. 224, 225, and American Brick Co. v. Tulane Investment Co., 11 La.App. 173, 123 So. 160.  In the Menefee Motor Company Case we said:

"It would appear from the foregoing that where a defective or insufficient bond has been given the party furnishing it is allowed an opportunity to substitute a proper bond.  But, if the second bond proves to be defective, the furnisher of the bond shall not thereafter be permitted to give any additional bond."

It is therefore ordered, adjudged, and decreed that the appeal be and it is dismissed at the cost of appellant.

Appeal dismissed.