*957
 
 CARTER, C.J.
 

 |2The Louisiana Used Motor Vehicle Commission (“LUMVC”) appeals a judgment of the trial court sustaining a peremptory exception raising the objection of no right of action and dismissing its petition to make executory administrative adjudications of the Louisiana Recreational and Used Motor Vehicle Commission (“LRUMVC”).
 

 FACTS AND PROCEDURAL HISTORY
 

 Prior to Acts 2009, No. 403 (Act 403), the jurisdiction and authority to license and regulate all recreational vehicles, including boats, were vested in the LRUMVC. By Act 403, the Legislature re-named the LRUMVC the LUMVC (by deleting “Recreational and” from the agency’s title) and transferred jurisdiction over new recreational vehicles to the Louisiana Motor Vehicle Commission (“LMVC”). Thus, the LUMVC now has authority over the used vehicle (including used boats) industry and the LMVC now has authority over the new vehicle (including new boats) industry.
 
 See
 
 LSA-R.S. 32:784, LSA-R.S. 32:1254.
 

 After the effective date of Act 403, the LUMVC instituted suit against Sundance Boats, Inc., seeking to make executory certain adjudications of the LRUMVC, entered prior to the effective date of Act 403, ordered Sundance to repurchase certain boats from a Louisiana dealer, and assessed various monetary penalties and costs. Sundance excepted to the petition, arguing that the LUMVC has no right of action to make the orders of the LRUMVC executory. The trial court agreed, sustained the peremptory exception raising the objection of no right of action, and dismissed the LUMVC’s petition. The LUMVC now appeals.
 

 ^DISCUSSION
 

 The function of the peremptory exception raising the objection of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted. LSA-C.C.P. art. 927 A(6);
 
 Louisiana Bar Ass’n v. Carr and Associates, Inc.,
 
 08-2114 (La.App. 1 Cir. 5/8/09), 15 So.3d 158, 165,
 
 writ denied,
 
 09-1627 (La.10/30/09), 21 So.3d 292. To prevail on the exception, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit.
 
 Teague v. St. Paul Fire and Marine Ins. Co.,
 
 06-1266 (La.App. 1 Cir. 4/7/09), 10 So.3d 806, 847,
 
 writ denied,
 
 09-1030 (La.6/17/09), 10 So.3d 722.
 

 Sundance premises its argument on Act 403’s transfer of authority over new boat dealers to the LMVC. However, the orders seeking to be made executory specifically order payments to the LRUMVC. The LRUMVC was not abolished by Act 403. Rather, the LRUMVC’s name was changed to the LUMVC. Sundance is correct that jurisdiction over new boat dealers is presently vested in the LMVC. However, the orders at issue were validly entered by the LRUMVC and were not appealed. Thus, we find that the LUMVC, as the successor of the LRUMVC, has the right of action to seek enforcement of orders that order payment of funds to the LRUMVC.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the trial court sustaining the peremptory exception raising the objection of no right of action and dismissing the LUMVC’s petition is reversed. Costs of this appeal are ^assessed to Sundance
 
 *958
 
 Boats, Inc. This matter is remanded to the trial court for further proceedings.
 

 REVERSED AND REMANDED.