VICTORY, J.,
dissents in part.
Li dissent from the portion of the majority opinion holding that La. R.S. 30:29 allows the recovery of remediation damages in excess of, or in addition to, those required to fund the remediation plan selected by the trial court in the absence of an express contractual provision. In essence, I agree with much of the reasoning of Justice Guidry’s concurrence, but in my view, because it is uncontested there was no private contract providing for any remediation which would have exceeded Rule 29B standards, there are no material facts in dispute which would preclude granting defendant’s motion for partial summary judgment.
|2In this case, plaintiffs filed suit seeking damages for remediation of its property caused by defendants’ oil and gas exploration and production on its property. In its petition, plaintiffs claimed entitlement to recover two categories of damages: (1) the amount required to fund the “feasible plan” under La. R.S. 30:29, and (2) “excess remediation damages.” Defendants filed a motion for partial summary judgment for dismissal of plaintiffs’ claims for remediation damages in excess of the costs of a regulatory remediation. According to defendants, excess remediation damages for environmental damages are only recoverable in accordance with an express contractual provision. It is undisputed that there is no such express contractual provision in this case. The trial court granted defendant’s motion for partial summary judgment, but the court of appeal reversed, holding that “La. R.S. 30:29, by its clear language, provides for a landowner to recover damages in excess of those determined in the [regulatory-based] feasible plan whether they be based on tort or contract law ...” State of Louisiana v. Louisiana Land and Exploration Co., 2010-1341 (La.App. 3 Cir. 2/1/12), 85 So.3d 158, 162. The majority affirms the court of appeal’s judgment “on the legal question of the correct interpretation of La. R.S. 30:29, ...” Op. at 1058. I completely disagree.
The rules of statutory construction provide that when the words of a statute are clear and unambiguous, and the application of the law does not lead to absurd consequences, the statute should be applied as written and no further effort should be made to determine the legislature’s intent. La. C.C. art. 9; La. R.S. 1:4. Both the court of appeal and the majority opinion have ignored these basic rules in their interpretation of La. R.S. 30:29, which, in several clear provisions, limits the recovery of remediation damages to those awarded by the trial court in its determination of the most feasible regulatory plan, unless there is an express contractual provision | .^providing otherwise.
First, there is the Legislature’s statement of Act 312’s intent found at La. R.S. 30:29(A):
The legislature hereby finds and declares that Article IX, Section I of the Constitution of Louisiana mandates that the natural resources and the environment of the state, including ground water, are to be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people and further mandates that the legislature enact laws to implement this policy. It is the duty of the legislature to set forth procedures to ensure that damage to the environment is remediated to a standard that protects the public interest.... The provisions of this Section shall not be construed to impede or limit provisions under private contracts imposing remediation obligations in excess of the requirements of the department or limit the right of a party to a private contract to enforce any contract provision in a *1064 court of proper jurisdiction. (Emphasis added.)
Second, La. R.S. 30:29(D)(1) unambiguously and unequivocally provides that “except as provided in Subsection H of this Section, all damages or payments in any civil action, including interest thereon, awarded for the evaluation or remediation of environmental damage shall he paid exclusively into the registry of the court ...” (Emphasis added.)
La. R.S. 30:29(H), wherein any exception from the requirement that all remediation damages be paid into the registry of the court, provides as follows:
This Section shall not preclude an owner of land from pursuing a judicial remedy or receiving a judicial award for private claims suffered as a result of environmental damage, except as otherwise provided in this Section. Nor shall it preclude a judgment ordering damages for or implementation of additional remediation in excess of the requirements of the plan adopted by the court pursuant to this Section as may be required in accordance with the terms of an express contractual provision. Any award granted in connection with the judgment for additional remediation is not required to be paid into the registry of the court. This Section shall not be interpreted to create any cause of action or to impose additional implied obligations under the mineral code or arising out of a mineral lease. (Emphasis added.)
Thus, there are two exceptions to the rule that “all remediation damages” must be paid into the registry of the court. The first sentence of La. R.S. 30:29(H) provides Lthat La. R.S. 30:29 does not preclude an award “for private claims suffered as a result of environmental damage, except as otherwise provided in this Section.” Both the court of appeal and majority opinion conclude that these “private claims” include claims for excess remediation damages. However, if this were true, there would be no need for the second sentence of La. R.S. 30:29(H), which specifically covers claims for damages for “additional remediation in excess of the requirements of the plan adopted by the court pursuant to this Section,” and allows such damages “as may be required in accordance with the terms of an express contractual provision.” As an exception to the “all remediation damages” rule of La. R.S. 30:29(D)(1), these awards for “additional remediation” are not required to be paid into the registry of the court.
Further, while the majority consistently, and correctly, refers to La. R.S. 30:29 as a procedural statute, it goes on to conclude that “this procedural statute does nothing to the substantive rights of the landowner, whether arising out of (1) the implied obligations of the mineral lease under the Civil Code or (2) the implied obligation arising out of La. R.S. 31:122 if the landowner can show a mineral lessee has acted unreasonably or excessively under the lease.” Op. at 1054. However, by giving the landowner the substantive right to collect excess remediation damages in the absence of an express contractual provision, the majority opinion conflicts with La. R.S. 30:29(H) which states that “[t]his Section shall not be interpreted to create any cause of action or to impose additional implied obligations under the mineral code or arising out of a mineral lease.” By referencing these new “implied obligations,” the majority opinion is doing just what is prohibited in La. R.S. 30:29(H), not to mention creating substantive rights under what this Court in M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-2371 (La.7/1/08), 998 So.2d 16, has already Rheld is a procedural statute. That these “implied obligations” are newly created substantive rights is evident because we held in Marin v. Exxon Mobil Corp., 09-2368 (La.10/19/10), 48 So.3d 234, 256, an opinion which I authored, that remediation to 29B standards was all *1065 plaintiffs were entitled to, even though the defendants acted unreasonably under their lease. In Mann, the plaintiffs specifically argued on appeal that the trial court erred “in concluding that a lessee’s remediation obligation is satisfied by remediation of the leased property merely to the standards set forth in Statewide Order 29-B,” where the defendants’ conduct under the lease was unreasonable and excessive. Marin v. Exxon Mobil Corp., 08-1724 (La.App. 1 Cir. 9/30/09), 2009 WL 7004332, p. 17.[1] The court of appeal in Marin held that in the absence of an express contractual provision, the plaintiffs were not entitled under the Mineral Code or the Civil Code to anything more than a regulatory clean-up, even though they had proven defendants’ conduct was unreasonable and excessive. Id. The court of appeal rejected the plaintiffs’ contention that Terrebonne Parish School Board v. Castex Entergy, Inc., 04-0968 (La.1/19/05), 893 So.2d 789, required that where a mineral lease is silent regarding restoration obligations, the mineral code imposed a duty to restore the surface to its original condition where there is evidence of unreasonable or excessive use. Id. at p. 20. In affirming the court of appeal on this issue, we explained:
The damage caused by Exxon’s unreasonable operations was the contamination of the soil, and it is clear plaintiffs did not consent to this contamination. Therefore, Exxon’s additional restoration duty is the duty to correct the contamination. The lower courts both correctly recognized this point and held that remediation to 29B standards satisfied the Castex requirements.
Marin, supra, 48 So.3d at 260. Therefore, as we have heretofore held that there are no implied obligations under either the Mineral Code or the Civil Code to provide | ^anything more than a regulatory remediation in compliance with La. R.S. 30:29 in the absence of an express contractual provision, the majority’s holding that a landowner is indeed entitled to such excess remediation damages in the absence of an express contractual provision amounts to the creation of new substantive rights. This is in conflict with both Marin, as explained above, and M.J. Farms, which held that La. R.S. 30:29, is a procedural, and not substantive, statute.
Thus, not only is the majority’s opinion contrary to the express provisions of La. R.S. 30:29, it conflicts with prior holdings of this Court interpreting La. R.S. 30:29. For these reasons, I dissent from the portion of the majority opinion which affirmed the court of appeal’s reversal of the trial court’s grant of defendants’ motion for partial summary judgment. I agree with the majority’s holding regarding Chevron USA’s motion for summary judgment.

. The major issue in Marin was whether plaintiffs’damage claims had prescribed.