STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-86


JAMES BERGERON

VERSUS

LIBERTY MUTUAL INSURANCE CO.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 84104-A
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**********

**JIMMIE C. PETERS**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


AFFIRMED.


Harry Karl Burdette
300 Stewart St.
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/ APPELLANT:
    James Bergeron

**Judy Y. Barrasso**
**Edward R. Wicker, Jr.**
**Kristin L. Beckman**
**Barrasso, Usdin, Kupperman, Freeman & Sarver, L.L.C.**
**900 Poydras St., 24th Floor**
**New Orleans, LA 70112**
**(504) 589-9700**
**COUNSEL FOR DEFENDANT/ APPELLEE:**
     **Liberty Mutual Insurance Company**

**PETERS, J.**

The plaintiff, James Bergeron, appeals the trial court's grant of summary judgment in favor of the defendant, Liberty Mutual Insurance Company, dismissing his claims against the insurer because its policy at issue did not provide underinsured/uninsured motorist (UM) coverage for the vehicle involved in the accident sued upon. For the following reasons, we affirm.

## DISCUSSION OF THE RECORD

On December 21, 2004, Mr. Bergeron was proceeding westward on Highway 14 in Abbeville, Louisiana, in a 2003 Ford Crown Victoria furnished to him by his employer, Murphy Oil USA, Inc. (Murphy Oil), and insured by Liberty Mutual Insurance Company (Liberty Mutual). While stopped at a red light, his vehicle was struck from behind by a vehicle driven by Barbara Montet. Mr. Bergeron sustained personal injuries as a result of the accident.

On January 19, 2005, Mr. Bergeron and his wife, Angela Bergeron, filed a petition to recover the damages they sustained in the accident.[1] In their suit, they named as defendants Barbara S. Montet and her husband, Leo Montet; the Montet's liability insurer, State Farm Insurance Company (State Farm); Murphy Oil; and Liberty Mutual in its capacity as the UM coverage carrier for the vehicle Mr. Bergeron was driving at the time of the accident.

The issue now before us arises from an October 27, 2010 motion for summary judgment filed by Liberty Mutual wherein it asserted that the policy it issued to Murphy Oil did not provide UM coverage. By this time, Liberty Mutual was the only defendant remaining in the litigation.[2] Following an August 29, 2011

---

[1] It appears that Angela Bergeron died while this lawsuit was pending. Accordingly, we refer to Mr. Bergeron as the sole plaintiff throughout the opinion.

[2] The Bergerons settled their claims against the Montets and State Farm, and those defendants were dismissed from the litigation on March 9, 2006. Additionally, after significant

hearing, the trial court rendered judgment granting Liberty Mutual's motion for summary judgment and dismissing the insurer from the litigation.

In his appeal, Mr. Bergeron asserts seven assignments of error addressing the correctness of the trial court's determination that the Liberty Mutual policy did not provide for UM coverage for the December 21, 2004 accident.

## OPINION

The motion for summary judgment is a procedural device whose purpose is to avoid a full-scale trial when there is no genuine issue of material fact. *Kay v. Carter*, 243 La. 1095, 150 So.2d 27 (1963). Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish those ends. La.Code Civ.P. art. 966(A)(2); *Racine v. Moon's Towing*, 01-2837 (La. 5/14/02), 817 So.2d 21. The burden of proof on the motion for summary judgment remains with the movant. La.Code Civ.P. art. 966(C)(2).

> However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2). The motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Appellate review of a summary judgment is de novo, applying the

---

litigation at the trial level which need not be considered to resolve the issue now before us, the trial court executed an order on August 30, 2010, dismissing Murphy Oil as a party defendant.

2

same standard as the trial court. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730.

UM insurance is provided for by a statute, La.R.S. 22:1295, that embodies a strong public policy to give full recovery for the automobile accident victims. *Tugwell v. State Farm Ins. Co.*, 609 So.2d 195 (La.1992). "Thus, under the UM statute, the requirement of UM coverage is an implied amendment to any automobile liability policy, even when not expressly addressed, as UM coverage will be read into the policy unless validly rejected." *Duncan v. U.S.A.A. Ins. Co.*, 06-363, p.4 (La. 11/29/06), 950 So.2d 544, 547.

Our supreme court has held that the UM statute must be liberally construed, which requires a strict interpretation of the statute's exceptions to coverage. *Duncan*, 950 So.2d 544. The insurer bears the burden of proving that the insured rejected the UM coverage or selected a lower limit. *Id*. UM coverage may be rejected "only on a form prescribed by the commissioner of insurance." La.R.S. 22:1295(1)(a)(ii). The form the commissioner of insurance has prescribed involves specific tasks, all of which are related to the rejection of UM coverage:

> The insured initials the selection or rejection chosen to indicate that the decision was made by the insured. If lower limits are selected, then the lower limits are entered on the form to denote the exact limits. The insured or the legal representative signs the form evidencing the intent to waive UM coverage and includes his or her printed name to identify the signature. Moreover, the insured dates the form to determine the effective date of the UM waiver. Likewise, the form includes the policy number to demonstrate which policy it refers to.

*Duncan*, 950 So.2d at 552. If the insurer uses the prescribed form and "makes certain that it is properly completed and signed, then the insurer receives a presumption that the insured's waiver of coverage was knowing." *Id*. at 552.

The issue before the court in this matter relates to the authority of the individual who executed the rejection form on behalf of Murphy Oil. Mr.

3

Bergeron argues that Murphy Oil's rejection is invalid because there is no evidence that the Murphy Oil employee who executed the rejection form for Murphy Oil, John W. Dumas, had specific written authority to sign the UM rejection form on its behalf.

In support of its motion for summary judgment, Liberty Mutual introduced two affidavits: one executed by Mr. Dumas, Murphy Oil's Director of Corporate Insurance; and one executed by Walter K. Compton, Murphy Oil's Vice President and General Counsel. In his affidavit Mr. Dumas stated that he had held his position with Murphy Oil since October 1998, and that in 2001 he was a legal representative of Murphy Oil authorized to accept or reject UM coverage on behalf of his employer. His further stated in his affidavit that it was his practice and policy to sign UM rejection forms only after they had been completed, and that he would not have signed a blank, inaccurate, or incomplete UM rejection form. Mr. Compton stated in his affidavit that in 2001 he was Murphy Oil's Corporate Secretary and Mr. Dumas had corporate authority to make insurance decisions for Murphy Oil. Liberty Mutual also introduced Mr. Dumas' deposition, taken on June 17, 2011, in which Mr. Dumas was questioned about the UM form and his authority to reject UM coverage.

Mr. Bergeron relies on this court's decision in *Holloway v. Shelter Mut. Ins. Co.*, 03-896 (La.App. 3 Cir. 12/10/03, 861 So.2d 763, *writ denied*, 04-87 (La. 3/19/04), 869 So.2d 854, to assert that the UM rejection form was not properly completed because there was no written authorization from Murphy Oil giving Mr. Dumas the authority to reject UM coverage for the corporation. In *Holloway*, the insured's mother had executed the insurance documents on her son's behalf, including signing the form rejecting UM motorist coverage. The insured was deceased, and the insurer submitted affidavits from the insured's mother and the

4

insurance agent who wrote the policy, asserting that she had the insured's authorization to reject UM coverage on his behalf. This court held that the insured's mother was not acting as a "legal representative" within the meaning of La.R.S. 22:1406(D)(1)(a) because the authority of representation was not conferred in writing. However, we find that *Holloway* is distinguishable from the facts in this case, because here the insured is a corporation and the person who signed the form rejecting UM coverage is an employee of that corporation who has the authority to accept or reject insurance coverage for it. A corporation acts only through its officers, employees, and other agents. *Kevin Associates, L.L.C. v. Crawford*, 03-211 (La. 1/30/04), 865 So.2d 34. In *Harper v. Direct General Insurance Company*, 08-2874, (La. 2/13/09), 2 So.3d 418, and *Banquer v. Guidroz*, 09-466 (La. 5/15/09), 8 So.3d 559, our supreme court recognized that when a corporation is rejecting UM coverage, the requirement that the insured or the insured's legal representative sign the form is met when an officer or employee of the corporation who has the authority to reject UM coverage signs the form. Mr. Bergeron attempts to distinguish *Harper* and *Banquer* by asserting that in those cases the court did not explicitly reach the question of whether the corporation's authorization for an officer or employee to waive UM coverage must be in writing. We reject this distinction; in this case, as in *Harper* and *Banquer*, the issue is whether the person who signed the form was authorized by the corporation to reject UM coverage.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment. We assess all costs of this appeal to the plaintiff, James Bergeron.

**AFFIRMED.**

5