5 So.3d 206 (2008)
Michael BANQUER and Sandra Banquer, Individually and on behalf of their Minor Child, Lauren Marie Banquer
v.
Donald GUIDROZ, David Mobley, and New Hampshire Insurance Company.
No. 2008 CA 0356.
Court of Appeal of Louisiana, First Circuit.
December 23, 2008.
Rehearing Denied February 2, 2009.
*207 Wade A. Langlois, III, Gretna, LA, for Plaintiffs/Appellants, Michael and Sandra Banquer, individually, and on behalf of their minor child, Lauren Banquer.
James F. Holmes, James A. Holmes, Adrejia L. Boutte, New Orleans, LA, for Defendant/Appellant, ACE American Insurance Company.
Before KUHN, GUIDRY, and GAIDRY, JJ.
GUIDRY, J.
The insurer in this matter appeals a summary judgment finding that its insured did not validly waive uninsured/underinsured motorist (UM) coverage. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
On June 8, 2006, Michael and Sandra Banquer, individually, and on behalf of their minor daughter, Lauren Marie Banquer, filed a petition for damages relative to an automobile accident in which Mr. Banquer was involved. According to the petition, on October 13, 2005, Donald Guidroz, who was allegedly intoxicated at the time, drove out of the parking lot of the Queen Bee Lounge onto U.S. Highway 90 heading eastbound in the westbound lane of the roadway. A head-on collision between the vehicle driven by Mr. Guidroz and a vehicle driven by Mr. Banquer ensued as a result of Mr. Guidroz driving in the wrong direction on U.S. Highway 90. The car that Mr. Guidroz was driving at the time of the accident was owned by David Mobley and insured by New Hampshire Indemnity Company (New Hampshire).[1]
*208 ACE American Insurance (ACE) intervened in the suit, declaring that at the time of the accident, Mr. Banquer was acting in the course and scope of his employment with Halliburton Energy Services, Inc. (Halliburton). As the workers' compensation insurer for Halliburton, ACE had paid workers' compensation benefits to Mr. Banquer relative to the accident, and intervened in the lawsuit to assert a lien for payment equal to sum of workers' compensation benefits paid to Mr. Banquer.
On July 6, 2007, plaintiffs filed a supplemental and amending petition adding ACE as a defendant and alleged that due to the minimal insurance coverage provided by the New Hampshire policy, Mr. Guidroz and Mr. Mobley "were uninsured and/or underinsured as those terms are defined in Louisiana law." The plaintiffs further alleged that Mr. Banquer was driving a vehicle owned by Halliburton at the time of the accident and that ACE had issued Halliburton a policy of insurance that provided UM coverage, despite the existence of a waiver purportedly rejecting UM coverage. The plaintiffs averred that the waiver was invalid because the waiver was "not on the proper form proscribed [sic] by [t]he Louisiana Commissioner of Insurance."
ACE denied the allegations of the supplemental and amending petition and filed a motion for summary judgment, wherein it maintained that UM coverage had been validly waived by its insured, and therefore, it was not liable to the plaintiffs to provide UM coverage for the accident sued upon. Plaintiffs filed a cross motion for summary judgment contending that the waiver was not a valid rejection of UM coverage. Following a hearing on the motions, the trial court granted summary judgment in favor of the plaintiffs and denied the motion filed by ACE. ACE appealed the summary judgment[2] and filed a writ application seeking supervisory review of the trial court's denial of its motion for summary judgment. ACE's writ application was referred to our panel to decide in conjunction with the appeal of the summary judgment. Our action on the writ application will be handed down separately on the same date as this appeal.

APPLICABLE LAW
Appellate courts review the granting of a motion for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment was appropriate. Bel v. State Farm Mutual Automobile Insurance Co., 02-0360, p. 3 (La.App. 1st Cir.2/14/03), 845 So.2d 459, 461, writ denied, 03-0734 (La.5/30/03), 845 So.2d 1058. Summary *209 judgment shall be rendered if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). When a case involves cross motions for summary judgment, the court should determine whether either party has established there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Gray v. American National Property & Casualty Company, 07-1670, p. 6 (La.2/26/08), 977 So.2d 839, 844.
The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment. Green v. State Farm Mutual Automobile Insurance Company, 07-0094, p. 3 (La.App. 1st Cir.11/2/07), 978 So.2d 912, 914, writ denied, 08-0074 (La.3/7/08), 977 So.2d 917. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Halphen v. Borja, 06-1465, p. 3 (La. App. 1 Cir. 5/04/07), 961 So.2d 1201, 1204, writ denied, 07-1198 (La.9/21/07), 964 So.2d 338.

DISCUSSION
At issue in this appeal is the validity of a UM waiver form executed by the legal representative of the named insured, Halliburton. Because the form contains only the signature, and not the printed name, of the legal representative,[3] we are first asked to consider the significance of the following language from Duncan v. U.S.A.A. Insurance Company, 06-363, p. 13 (La. 11/29/06), 950 So.2d 544, 552:
The commissioner of insurance, in drafting the form, requires six tasks, all of which we find to be pertinent to rejecting UM coverage.... The insured or the legal representative signs the form evidencing the intent to waive UM coverage and includes his or her printed name to identify the signature. [Emphasis added.]
The question before us is whether the UM waiver is in proper form, because unless the insured's expression of the desire to reject or select lower limits of UM coverage meets the formal requirements of law, the expression does not constitute a valid rejection. Richardson v. Lott, 03-0189, p. 8 (La.App. 1st Cir.11/7/03), 868 So.2d 64, 71, writ denied, 03-3324 (La.2/13/04), 867 So.2d 707.
Section 680 of title 22 of the Louisiana Revised Statutes states that the rejection or selection of lower limits of UM coverage "shall be made only on a form prescribed by the commissioner of insurance." In reviewing the form produced by the commissioner of insurance, the court in Duncan pronounced that the prescribed UM waiver form entails the following:
(1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each *210 person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.
Duncan, 06-363 at 11-12, 950 So.2d at 551. In reviewing each of these criteria, the court went on to explain that "[t]he insured or the legal representative signs the form ... and includes his or her printed name to identify the signature" in regard to criteria (3) and (4). Duncan, 06-363 at 13, 950 So.2d at 552.
In Duncan, the court's explanation of why criteria (3) and (4) are included on the form is importantif just providing a signature was enough without identifying the signature by providing the printed name, then the form could have included just a blank space for "signing the name of the named insured or legal representative." Since we conclude, as did the Louisiana Supreme Court in Duncan, that inclusion of the printed name is solely for the purpose of identifying the signature provided, we think it is of no moment that in cases of juridical persons, the printed name of the legal representative would always have to be provided (e.g., "James Ferguson on behalf of Halliburton Energy Services").
Nor do we find it appropriate that identification of the signature on the form is provided by a separate affidavit executed by the legal representative. To the extent that identification of the signature is not set forth, as provided, in the single UM waiver document, see Roger v. Estate of Moulton, 513 So.2d 1126, 1132 (La.1987), the submission of Mr. Ferguson's affidavit wherein he attests that he is the authorized legal representative of "Halliburton Energy Services, Inc" cannot be accepted to identify his signature on the UM waiver form.
Accordingly, we hold that the Duncan court's pronouncement that "[t]he insured or the legal representative signs the form... and includes his or her printed name to identify the signature" was in recognition of the requirement that the printed name of whomever signs the UM waiver form must also be provided to identify the signature. See also Harper v. Direct General Insurance Company of Louisiana, 08-31 (La.App. 3d Cir.11/5/08), 998 So.2d 783.
Therefore, as compliance with the form prescribed by the commissioner of insurance is necessary for the UM form to be deemed valid, see Duncan, 06-363 at 14, 950 So.2d at 553, the ACE form must be deemed invalid for failure to include the printed name of the person who signed the form.

CONCLUSION
Accordingly, we affirm the summary judgment in favor of the plaintiffs decreeing the ACE UM waiver form invalid. All costs of this appeal are assessed to the appellant, ACE American Insurance Company.
AFFIRMED.
KUHN, J., Dissents & Assigns Reasons.
KUHN, J., dissenting.
I disagree with the majority's conclusion that the ACE American Insurance (ACE) form must be deemed invalid for failure to include the printed name of the person who signed the form. I would reverse the trial court's grant of summary judgment in favor of the Banquers and find the UM waiver form valid.
The six Duncan requirements are met in the present case, including the third requirement of "printing the name of the named insured or legal representative." (Emphasis added.) Duncan v. USAA Ins. *211 Co., 06-363 at pp. 11-12 (La.11/29/06), 950 So.2d 544, 551. It is undisputed that the form herein includes the typewritten name of Halliburton Energy Services, Inc.[1]
Since Mr. Ferguson is not an insured, it is clear that he is signing in a representative capacity for Halliburton. Neither La. R.S. 22:680(1)(a)(ii) nor Duncan require that the representative capacity be indicated on the UM form. In the instant case, the representative capacity has been established by Mr. Ferguson's affidavit. See Green v. State Farm Mut. Auto. Ins. Co., 07-0094 (La.App. 1st Cir.11/2/07), 978 So.2d 912, 914, writ denied, 08-0074 (La.3/7/08), 977 So.2d 917, wherein this court found a waiver form valid where a representative signed the waiver form on behalf of a corporation without indicating his representative capacity.[2]
Additionally, I note that although the single word "available" is missing from an introductory paragraph of the waiver form, this is surely a clerical error that does not invalidate the form. See Green; Lachney v. Hanover Ins. Co., 04-2316 (La.App. 1st Cir.11/4/05), 927 So.2d 380, 382, writ denied, 05-2432 (La.3/24/06), 925 So.2d 1238. Likewise, any minor discrepancies in the holding between the insurance commissioner's form and the present form do not invalidate it. The form employed herein comports in every substantial way with the required statutory form. Id.
It is abundantly evident that the insured intended to reject UM coverage, and because ACE's waiver form complies with the required statutory form in every substantial way, I would find it valid and reverse the trial court's grant of summary judgment in favor of the Banquers. Accordingly, I dissent.
NOTES
[1] In its answer to the petition, New Hampshire observed that the plaintiffs had improperly identified the company as "New Hampshire Insurance Company." New Hampshire later filed a motion to deposit its policy limits, plus interest through the date of the deposit, into the registry of the court. By a consent judgment, the parties, including ACE as intervenor, agreed to release New Hampshire of any further liability relative to the accident once funds equal to the limits of New Hampshire's policy were deposited in the registry of the court. The funds were deposited on March 1, 2007.
[2] Prior to filing its motion for appeal, ACE filed a motion with the trial court to certify the summary judgment as a final judgment pursuant to La. C.C.P. art. 1915 B. The trial court granted the motion to certify the summary judgment as final for the reasons set forth in a memorandum in support of the motion submitted by ACE. Having reviewed the reasons so given, we find no abuse of the trial court's discretion in certifying the summary judgment as final and therefore maintain the appeal. See Dyess v. American National Property and Casualty Company, 03-1971, p. 3 n. 2 (La.App. 1st Cir.6/25/04), 886 So.2d 448, 450 n. 2, writ denied, 04-1858 (La. 10/29/04), 885 So.2d 592.
[3] The ACE waiver form does contain the printed name of the named insured, "Halliburton Energy Services, Inc."
[1] Because Duncan involved a missing policy number, the contested language in Duncan, which arguably requires Mr. Ferguson's printed name, may be construed as dictum: "The insured or the legal representative signs the form evidencing the intent to waive UM coverage and includes his or her printed name to identify the signature." Duncan, 06-363 at p. 13, 950 So.2d at 552.
[2] In the Green case, the UM selection form was executed by Kevin Ryan on June 30, 2004. On the UM selection form, a handwritten "X" with a circle around it was placed by option "5," which reads: "I do not want [UM] Coverage. I understand that I will not be compensated through [UM] coverage for losses arising from an accident caused by an uninsured/underinsured [motorist]." Illegible hand-written initials were placed to the left of the "X" just above the "5." "Cintas Corporation" was typed into the blank for "Named Insured or Legal Representative," the form was signed (by Kevin Ryan), it was dated "6/30/04" and policy numbers "D002A00280," "D002A00281," "D002A00282," and "D002A00283" were typed in the blank above "Policy Number."