PER CURIAM.
 

 |! This matter arises from an automobile accident involving a vehicle owned by Sears, Roebuck and Co. (“Sears”), which was driven by one of its employees, Billy Joe Ansiel, Jr. As a result of the accident, Mr. Ansiel made a claim against Sears’ uninsured/underinsured (“UM”) insurer,
 
 *419
 
 Liberty Mutual Insurance Co. (“Liberty Mutual”).
 
 [1]
 

 Subsequently, Liberty Mutual moved for summary judgment, arguing that Sears had rejected UM coverage. In support, it attached a copy of an “Uninsured/Underin-sured Motorist Bodily Injury Coverage Form,” showing that UM coverage had been rejected. Liberty Mutual also attached an affidavit from the person who signed the form, identified as Laurence Jenehel, the Director of Risk Management for Sears. In his affidavit, Mr. Jenehel attested he was “authorized to execute the attached form rejecting uninsured/underin-sured motorist coverage on behalf of Sears.”
 

 Mr. Ansiel opposed Liberty Mutual’s motion, arguing the UM rejection form was invalid because the person signing the form did not clearly and unmistakably identify his representative capacity and authority to sign the form on behalf of Sears.
 

 IgAfter a hearing, the district court denied Liberty Mutual’s motion for summary judgment. Liberty Mutual applied for supervisory review of this ruling. The court of appeal denied the writ application.
 

 Liberty Mutual then applied to this court. We granted the writ, and remanded the case to the court of appeal for briefing, argument, and full opinion.
 
 Harper v. Direct General Ins. Co.,
 
 08-0738 (La.6/6/08), 988 So.2d 907. On remand, the court of appeal again denied relief to Liberty Mutual. Liberty Mutual’s second application to this court followed.
 

 The sole issue presented for our consideration is whether Sears properly rejected UM coverage. In
 
 Duncan v. U.S.A.A. Ins. Co.,
 
 06-0363 (La.11/29/06), 950 So.2d 544, we identified six tasks which are required in order to complete the UM rejection form prescribed by the Commissioner of Insurance:
 

 Before we determine whether the statute requires that all aspects of the form be complied with, let us now consider what the prescribed form entails. Essentially, the prescribed form involves six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.
 

 As Liberty Mutual points out, it is undisputed the form at issue is initialed to reject UM coverage (task # 1), bears the correct policy number (task # 5), and is dated (task # 6). Therefore, the dispute revolves around tasks # 3 and # 4.
 

 Liberty Mutual takes the position that both these tasks were satisfied, because the name of the named insured, Sears, is typed on the form (task # 3), and the form is signed by Laurence Jenehel, Sears’ legal representative (task # 4). However, in finding the form invalid, the district court seemed to combine the printed name | acquirement (task # 3) with the signature requirement (task # 4), concluding that “a printed name must identify the signatory in order to clearly and unmistakably reject UM coverage.”
 

 We find the district court’s reasoning is in error. A review of our opinion in
 
 Duncan
 
 reveals that we used the disjunctive “or” with regard to tasks # 3 and # 4: “(3) printing the name of the named insured or legal representative; (4) signing the name
 
 *420
 
 of the named insured or legal representative.” [emphasis added] Nothing in
 
 Duncan
 
 links these two separate tasks into a single task, as the district court suggested. To the contrary, as long as the name of the named insured is printed and the legal representative signs the form, both tasks are satisfied. Any other interpretation would lead to absurd results, because if the name of the corporate insured is printed as the named insured, it is obvious the corporate insured cannot sign its name, but must act through its legal representative.
 

 Turning to the instant facts, it is undisputed that Sears’ name was printed on the form as named insured, and its representative, Mr. Jenehel, initialed and signed the form to reject UM coverage. Liberty Mutual has further established through an unrefuted affidavit that Mr. Jenehel is the Director of Risk Management for Sears, and was authorized to reject UM coverage on behalf of Sears. It is further undisputed that the form satisfies all other requirements of our opinion in
 
 Duncan.
 

 Under these circumstances, we find Liberty Mutual has established it is entitled to judgment as a matter of law. The district court erred in holding otherwise.
 

 Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is rendered in favor of Liberty Mutual Insurance Co.
 

 JOHNSON and KNOLL, JJ„ would deny.
 

 [1]
 

 . The claims of all remaining parties have been dismissed and are not at issue.