*974 ON REHEARING
PER CURIAM.
|sAppeIlee, National Interstate Insurance Company (“National Interstate”), has petitioned this court for a rehearing of our February 13, 2009 decision, reversing the trial court’s judgment granting National Interstate’s Motion to Dismiss and denying appellants’ motion for summary judgment concerning the validity of an uninsured/underinsured (“UM”) selection form. National Interstate alleges that our original opinion is inconsistent with the Louisiana Supreme Court decision in Harper v. Direct General Insurance Company, et al, 2008-2874 (La.2/13/09), 2 So.3d 418, handed down the same date as our original opinion. We grant rehearing for the limited purpose of clarifying our original opinion and for reassessment in light of Harper.
In our original opinion, we found the UM selection form invalid because the signatory’s capacity was uncertain on the face of the form. We clarify our original opinion to expressly note that the form is uncertain not only because Mr. Augusta did not indicate that he was signing in a representative capacity for Dixieland Tours and Cruises (“Dixieland”), but also because the name of the insured company, Dixieland, is nowhere noted on the form.
With that clarification, we re-examine our holding in light of Harper and find that Harper does not change the result that we originally reached. Notably, in Harper, the named insured, Sears, was typed on the form, and the form was signed by Laurence Jenchel, Sears’ legal representative. The supreme court in Harper held that as long as the name of the named insured is printed and the legal representative signs the form, both tasks #3 and # 4 as outlined in Duncan v. U.S.A.A. Ins. Co., 2006-363 (La.11/29/06), 950 So.2d 544, are satisfied. Under the facts of Hamper, the supreme court concluded that Sears’ legal representative could sign his name without indicating that he was signing in a representative capacity because it would be absurd to conclude that a corporate entity, Sears as the named insured, could sign its own name. Harper, 2 So.3d at 419-420.
By contrast, in the instant case, the name “Dixieland” is not printed on the UM waiver form. As such, a mere review of this form does not reveal whether Norman | ^Augusta on behalf of a corporation or Norman Augusta, the individual, selected lower limits. Therefore, the form is not clear and unmistakable.
As clarified herein, and after re-examination of our opinion in light of Harper, the original opinion of this court is affirmed.
REHEARING GRANTED FOR THE LIMITED PURPOSE OF CLARIFICATION; APPELLATE JUDGMENT OF FEBRUARY 13, 2009 MAINTAINED.
McDONALD, J., dissents and would grant a rehearing on the merits.