*560
 
 PER CURIAM.
 

 b This case arises out of an automobile accident involving a vehicle owned by Halliburton Energy Services, Inc. (“Halliburton”), which was driven by one of Halliburton’s employees, Michael Banquer. Seeking compensation for Mr. Banquer’s injuries, Mr. Banquer and Sandra Ban-quer, individually and on behalf of their minor child, Lauren Marie Banquer, filed suit against ACE American Insurance Company (“ACE”), alleging that ACE was Halliburton’s uninsured/underinsured motorist (“UM”) insurer. ACE filed a motion for summary judgment, arguing that while it had issued a business auto policy to Halliburton, Halliburton had specifically waived UM coverage. Plaintiffs filed a cross-motion for summary judgment and opposition to ACE’s motion, arguing that the UM waiver executed by Halliburton was invalid.
 

 After considering the motions and hearing arguments from both parties, the district court denied ACE’s motion for summary judgment and granted plaintiffs’ motion, finding the UM waiver form invalid. The district court did not issue written reasons in support of this judgment.
 

 |2ACE applied for supervisory review of this ruling. ACE also filed a motion to certify the district court’s granting of plaintiffs’ motion as a final judgment proper for appeal. The district court granted ACE’s request for certification, and ACE subsequently appealed the decision to the First Circuit Court of Appeal. The First Circuit consolidated the appeal with the issues raised in ACE’s writ application.
 

 After briefing and oral argument, the First Circuit issued an opinion which affirmed the ruling of the district court. In the opinion, the court of appeal began its analysis by explaining that the Louisiana Revised Statutes state that rejection or selection of lower limits of UM coverage shall be made “only on a form prescribed by the commissioner of insurance.” La. R.S. 22:680(1)(a)(ii)
 
 [1]
 
 . The First Circuit then observed that in
 
 Duncan v. U.S.A.A. Insurance Company
 
 this Court reviewed the form produced by the commissioner of insurance for waiver of UM coverage and noted six tasks which are required to successfully complete this UM waiver form:
 

 [Essentially, the prescribed form involves six tasks:] (1) initialing the selec
 
 *561
 
 tion or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident;
 
 (3) printing the name of the named insured or legal representative; (U) signing the name of the named insured or legal representative;
 
 (5) filling in the policy number; and (6) filling in the date, (emphasis added).
 

 Banquer v. Guidroz,
 
 08-0356, p. 5 (La. App. 1 Cir. 12/23/08), 5 So.3d 206, 209-210 (quoting
 
 Duncan v. U.S.A.A. Ins. Co.,
 
 06-363, p. 11-12 (La.11/29/06), 950 So.2d 544, 551). The court of appeal asserted that the form at issue in the present case did not satisfy the criteria described as task # 3 in
 
 Duncan,
 
 that is, printing the name of the named insured or legal representative on the UM waiver form.
 

 |sOn the UM waiver form at issue, in the blank for the printed name of the insured, ■Halliburton’s name is typed, appearing as follows, “Halliburton Energy Services, Inc.” In the blank for the signature of the insured, a signature is affixed. ACE established through an unrefuted affidavit that James Ferguson was the individual whose signature appears on the UM waiver form at issue, and that Mr. Ferguson was authorized to reject UM coverage on behalf of Halliburton. Before the court of appeal, ACE argued that these facts were sufficient to satisfy the requirements described in
 
 Duncan
 
 as task #3 and task # 4. The First Circuit disagreed.
 

 Citing the jurisprudence of this Court, the court of appeal found that the purpose of the inclusion of the printed name on the UM waiver form was to identify the signature provided. Thus, in the case of a juridical person, this meant that a correct and complete printed name on a UM waiver form must both identify the signing individual who is the legal representative of the juridical person and clearly indicate that the individual is acting on behalf of the pertinent juridical person. Accordingly, the court of appeal found that the text placed in the blank for the printed name of the insured on the UM waiver form at issue in the present case should have read “James Ferguson on behalf of Halliburton Energy Services.” Since the printed name on the UM waiver form at issue did not meet this standard, the First Circuit held that the UM waiver form was invalid for failure to satisfy the requirement described in
 
 Duncan
 
 as task # 3. After the First Circuit issued its opinion, ACE submitted a writ application to this Court.
 

 The sole issue presented for our consideration is whether the court of appeal was correct in finding that Halliburton improperly rejected UM coverage. ACE asserts that the decision of the First Circuit, rendered on December 23, 2008, must be 14reversed as it conflicts with our recent holding in
 
 Harper v. Direct General Insurance Co.,
 
 08-2874 (La.2/13/09), 2 So.3d 418. We agree with ACE.
 

 As in the present matter, in
 
 Harper
 
 the dispute revolved around the tasks described in
 
 Duncan
 
 as task #3 and task # 4. On the UM waiver form at issue in
 
 Harper,
 
 in the blank for the printed name of the insured or legal representative, the name of the juridical person insured, Sears, was typed on the form, appearing as follows “Sears, Roebuck and Company.” In the blank for the signature of the insured or legal representative, a signature was affixed. Liberty Mutual Insurance Company, the purported UM insurer, established through an unrefuted affidavit that the signature on the UM waiver form at issue was the signature of Laurence Jenchel, Sears’ legal representative who was authorized to reject UM coverage on behalf of Sears. This Court found that the
 
 Harper
 
 UM waiver form satisfied the requirements listed in
 
 Duncan.
 
 The Court
 
 *562
 
 held, “as long as the name of the named insured is printed and the legal representative signs the form, [the tasks described in
 
 Duncan
 
 as task # 3 and task # 4] are satisfied.”
 
 Harper,
 
 08-2874 at p. 3, 2 So.3d at 420. Under the standards enunciated in
 
 Harper,
 
 the UM waiver form at issue in the present case satisfies the requirements described in
 
 Duncan
 
 as task # 3 and task # 4. The First Circuit erred in holding otherwise.
 

 DECREE
 

 Accordingly, the writ is granted. For the reasons stated herein, the judgment of the First Circuit Court of Appeal is reversed, and the matter is remanded to the district court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . This revised statute was redesignated as 22:1295 by Act 415 of the 2008 Louisiana Legislative Session, effective January 1, 2009. This act made no substantive changes to the language of the provision. Furthermore, during the temporal period at issue in these proceedings, no substantive changes were made to the pertinent language in the provision at issue.