WILLIAMS, J.
|, The plaintiffs, Herman Duke and Gayle Duke, appeal a summary judgment granted in favor of the defendant, Sentry Select Insurance Company. The trial court found that uninsured motorist coverage had been validly rejected by the owner of the vehicle driven by Herman Duke at the time of the accident. For the following reasons, we affirm.
FACTS
On February 24, 2008, Herman Duke was driving a vehicle on Airline Drive in Bossier City and was injured as the result of a collision with a vehicle driven by Morgan Evans. The vehicle driven by Duke was owned by his employer, Orr Motors of Louisiana, Inc. (“Orr Motors”), which was a named insured in an automobile liability policy issued by Sentry Select Insurance Company (“Sentry”).
Subsequently, the plaintiffs, Herman and Gayle Duke, filed a petition for damages against the defendants, Morgan Evans and United Services Automobile Association (“USAA”), her liability insurer. In an amended petition, plaintiffs sued Sentry alleging uninsured/underinsured motorist (“UM”) coverage through the Sentry policy. Sentry filed an answer denying UM coverage. A UM rejection form had been signed on January 31, 2005, by William Gregg Orr, who was the owner and authorized representative of Orr Motors and the other auto dealerships listed as named insureds in the Sentry policy. The form contains the handwritten names of two named insureds, “Class Motors of Texarkana, Inc.” and “Gregg Orr Auto Collection,” above Orr’s signature. Pursuant to a settlement agreement, the plaintiffs collected the full $10,000 liability limits provided by the USAA 12insurance policy and dismissed their claims against Evans and USAA.
The plaintiffs and Sentry filed motions for summary judgment based on the Sentry insurance policy. After a hearing, the district court found that UM coverage had been validly waived because Gregg Orr possessed the authority and the intent to reject UM coverage for all of the dealerships listed as named insureds in the policy and had signed the rejection form. The court rendered judgment granting Sentry’s motion for summary judgment, denying the plaintiffs’ motion and dismissing their claims. The plaintiffs appeal the judgment.
DISCUSSION
The plaintiffs contend the district court erred in granting Sentry’s motion for summary judgment. In four assignments of error, the plaintiffs argue that the UM rejection was invalid because Orr Motors, *466 a named insured, was not specifically listed on the waiver form.
LSA-R.S. 22:1295 governs the issuance of UM coverage and provides that no automobile liability insurance policy shall be issued in this state unless coverage is provided therein for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury. However, “the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (l)(a)(ii) of this Section.” LSA-R.S. 22:1295(l)(a)(i). Such rejection of UM coverage “shall be made only on a form prescribed by |;¡the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative .... A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage[.]” LSA-R.S. 22:1295(l)(a)(ii).
Completion of the prescribed form involves six tasks: (1) initialing the selection or rejection of coverage; (2) if limits lower than the policy limits are chosen, then selecting the amount of coverage; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) the date. Duncan v. U.S.A.A. Insurance Co., 06-363 (La.11/29/06), 950 So.2d 544. The statutory requirement of UM coverage will be read into any automobile liability policy unless validly rejected. Any exclusion from coverage in an insurance policy must be clear and unmistakable. The- insurer has the burden of proving any insured named in the policy rejected in writing the UM coverage. Duncan, supra.
A motion for summary judgment is properly granted only if the pleadings, depositions and any affidavits show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Duncan, supra.
In the present case, the parties do not dispute that Sentry provided the prescribed UM form, that the form is initialed to reject UM coverage, includes the policy number and is dated. Nor do plaintiffs dispute that |4Gregg Orr was the person authorized to obtain liability insurance and to reject UM coverage for the dealerships he owned, including Orr Motors, which was listed as a named insured in the Sentry policy. In their brief, the plaintiffs allege that the task of printing and signing the name of the named insured was not completed, asserting it is essential that the name of Orr Motors be printed on the waiver form to have a valid rejection of UM coverage. However, the statutory and case law do not support the plaintiffs’ assertion.
Section 1295 provides that UM coverage may be validly rejected by “any insured named in the policy.” This court has previously found that pursuant to this statutory language, any named insured in the policy may reject UM coverage for all other insureds. Bullock v. Homestead Insurance Co., 29,536 (La.App.2d Cir.6/20/97), 697 So.2d 712. The record shows that the names of two named insureds, Classic Motors of Texarkana, Inc. and Gregg Orr Auto Collection, are printed on the UM waiver form and that their legal representative, Gregg Orr, initialed and signed the form to reject UM coverage. Thus, a named insured validly reject *467 ed UM coverage and Orr Motors is bound by this rejection.
Additionally, in Harper v. Direct General Ins. Co., 08-2874 (La.2/13/09), 2 So.3d 418, the supreme court pointed out that in Duncan, the court stated that a valid rejection form could contain the name and signature of either the named insured or the legal representative. We note that in this case, the name of the named insured, “Gregg Orr Auto Collection,” also includes the printed name of the legal representative, Gregg Orr, who signed |fithe UM rejection form. Thus, the Duncan requirements for a valid rejection of UM coverage are further satisfied because the form contains the legal representative’s printed name and signature. See National Interstate Insurance Co. v. Collins, 09-1214 (La.11/6/09), 21 So.3d 316.
Furthermore, the language of the prescribed form contradicts the plaintiffs’ argument. Gregg Orr signed the form below the following statement: “The choice I made by my initials on this form will apply to all persons insured under my policy.” Thus, the express language of the prescribed form demonstrates that the rejection of UM coverage is binding on all named insureds, including Orr Motors.
The evidence presented supports the district court’s finding that UM coverage was validly rejected. Consequently, the district court did not err in granting Sentry’s motion for summary judgment. The assignments of error lack merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. Costs of this appeal are assessed to the appellants, Herman and Gayle Duke.
AFFIRMED.