# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 17-439


AARON ALLEN STALL

VERSUS

MERCURY INS. CO. OF FLORIDA, ET AL.



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20144241
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN E. CONERY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc J. Amy, Elizabeth A. Pickett, Shannon J. Gremillion, John E. Conery, and Candyce G. Perret, Judges.


**Pickett, J., dissents and assigns written reasons.**
**Amy, J., dissents and assigns reasons.**


**REVERSED AND REMANDED.**

**Robert I. Siegel**
**Michael E. Hill**
**Tara E. Clement**
**Gieger, Laborde & Laperouse, LLC**
**701 Poydras Street, Suite 4800**
**New Orleans, Louisiana 70139-4800**
**(504) 561-0400**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **National Union Fire Insurance Co. of Pittsburgh, PA**

**J. Lomax Jordan, Jr.**
**Victor R. A. Ashy**
**1817 West University Avenue**
**Lafayette, Louisiana 70506**
**(337) 233-9984**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Aaron Allen Stall**

**CONERY, Judge.**

## FACTS AND PROCEDURAL HISTORY

Aaron Stall, an employee of CVS Caremark Corporation, and Gustavo Garcia-Jimenez were involved in a two-vehicle accident on January 1, 2014. Mr. Stall was operating a vehicle provided by CVS. National Union Fire Insurance Company of Pittsburgh, Pennsylvania issued a business auto policy to CVS that covered the vehicle and its employee/driver, Mr. Stall. Mr. Stall filed suit against Mr. Garcia-Jimenez and his alleged insurer, Mercury Insurance Company of Florida.[1] He also sued National Union, among others, alleging that Mr. Garcia-Jimenez was at fault, was uninsured or underinsured, and National Union's uninsured/underinsured policy provided coverage for the accident. National Union denied coverage, claiming the policy issued to CVS insuring the CVS vehicle Mr. Stall was driving contained a proper waiver of uninsured or underinsured (UM) coverage.

Mr. Stall filed a motion for partial summary judgment, alleging that the UM waiver produced by National Union in discovery was defective. However, there was no dispute that the waiver was executed on a form provided by the Louisiana Department of Insurance and signed by "David Huntley" in the space provided for the named insured **or** representative. Mr. Huntley's printed, handwritten name also appears on the form in the proper space. It is dated December 19, 2012. Mr. Huntley's initials appear in the blank waiving UM coverage, all in compliance with the form prepared by the Louisiana Department of Insurance for such purposes.

---

[1] Mr. Garcia-Jimenez owned a Chrysler Pacifica Touring Utility 4x24D, which was insured by Mercury Insurance Company of Florida, until his policy was cancelled on October 7, 2013, due to non-payment of his insurance premium.

The evidence presented in connection with the hearing on the motion for partial summary judgment on the issue of the validity of the UM waiver showed that the policy for which the UM waiver was purportedly executed on December 19, 2012, was in effect from January 1, 2013, through January 1, 2014, at 12:01 a.m. The accident at issue occurred at 1:29 a.m. on January 1, 2014, after that policy had expired. The policy was timely renewed before the accident, and the new policy was effective January 1, 2014 through January 1, 2015, at 12:01 a.m., and issued by AIG/National Union. However, a UM waiver for the renewal policy was not executed until February 21, 2014, several weeks after the accident at issue herein, and hence, on its face, the UM waiver attached to that policy was signed too late to be effective. National Union claims that since the 2014/2015 policy was a renewal, the UM waiver executed on December 19, 2012 for the 2013/2014 policy year was still binding pursuant to specific statutory law so providing.[2]

Following the hearing on Mr. Stall's motion for partial summary judgment, the trial court found that the UM waiver was not valid. In written reasons, the trial court stated:

> The Court granted the Motion for Partial Summary Judgment filed on behalf of Aaron Stall and held that the waiver of uninsured/underinsured motorist coverage executed by David Huntly [sic] as legal representative to CVS on December 19, 2012, did not clearly and unmistakably waive uninsured/underinsured motorist coverage under the policy issued. Accordingly, the Court held that the waiver was invalid and inapplicable to preclude uninsured/underinsured motorist coverage for the accident that occurred on January 1, 2014.

---

[2] Louisiana Revised Statutes 22:1295(1)(a)(ii) provides in pertinent part:

The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates.

The waiver at issue cast [sic] doubt as to which policy it was applicable to. The policy existing at the time the waiver was executed was insured by Chartis. The policy existing at the time of the accident and at the time a second waiver was signed after the accident on February 21, 2014, was insured by AIG/National Union. The 2012 waiver did not have the policy listed on it; however failure to list the policy number on the waiver is not a sole basis for finding the waivers ambiguous. The waivers also did not contain the name of the current policy issuer; the 2012 waivers named Chartis, not AIG/National Union.

The Court found that the totality of the facts at issue and the form of the purported waiver of uninsured/underinsured motorist coverage made the waiver unclear and mistakable. Accordingly, the Court found that the uninsured/underinsured coverage waiver was invalid.

The trial court certified the ruling as final and appealable. National Union now timely appeals the judgment of the trial court. For the following reasons, we reverse, finding that there is a genuine issue of material fact as to whether a valid UM waiver was properly executed.

## ASSIGNMENT OF ERROR

National Union asserts one assignment of error on appeal: "The trial court erred in granting Plaintiff's Motion for Summary Judgment on the validity of the UM/UIM waiver form."

## DISCUSSION

Summary judgment motions must be filed using the procedures set forth in La.Code Civ.P. art. 966, and "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to a judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

Louisiana Revised Statutes 22:1295 (emphasis added), which governs uninsured motorist coverage, states in pertinent part:

The following provisions shall govern the issuance of uninsured motorist coverage in this state:

(1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered . . . unless coverage is provided therein or supplemental thereto[ ] . . . for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom[.]

(ii) Such rejection . . . shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage[ ] . . . shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. **A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage[.] . . . The form signed by the insured or his legal representative which initially rejects coverage[ ] . . . shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. . . .** For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.

This court discussed appellate review of a motion for summary judgment in the context of a UM waiver case in *Hayes v. De Barton*, 16-541, pp. 2-3 (La.App. 3 Cir. 2/15/17), 211 So.3d 1275, 1278, *writ denied*, 17-458 (La. 5/1/17), 220 So.3d 743:

An appeals court reviews summary judgments de novo, using the same criteria as the trial court. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. In order to prevail on a motion for summary judgment, the moving party must show that "there is no genuine issue of material fact and that he is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

Generally, interpretation of an insurance contract concerns a legal question that can be resolved in the framework of a motion for summary judgment. *Cutsinger v. Redfern*, 08-2607 (La. 5/22/09), 12 So.3d 945. Insurance policies are interpreted according to the general

rules of contract interpretation, and liability insurance policies are interpreted to provide coverage not deny coverage. *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634.

Louisiana law provides that "[n]o automobile liability insurance" policy shall be issued in the state unless it provides UM coverage for persons injured in accidents involving "owners and operators of uninsured or underinsured motor vehicles." La.R.S. 22:1295(1)(a)(i). This law embodies a strong public policy to allow innocent automobile accident victims to fully recover their damages. *Cutsinger*, 12 So.3d 945. "Thus, under the UM statute, the requirement of UM coverage is an implied amendment to any automobile liability policy, even when not expressly addressed, as UM coverage will be read into the policy unless validly rejected." *Duncan v. USAA Ins. Co.*, 06-363, p. 4 (La. 11/29/06), 950 So.2d 544, 547.

"The liberal construction given the UM statute requires the statutory exceptions to the coverage requirement be interpreted strictly. Any exclusion from coverage in an insurance policy must be clear and unmistakable." *Roger v. Estate of Moulton*, 513 So.2d 1126, 1130 (La.1987).

In *Duncan v. U.S.A.A. Ins. Co.*, 06-363, p. 4 (La. 11/29/06), 950 So.2d 544, 551, the supreme court held that the UM waiver form promulgated by the Louisiana Department of Insurance then in effect required the presence of six elements to be valid:

(1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.

Since *Duncan*, the Department of Insurance has amended the UM waiver form. When the amended form was issued, the Commissioner of the Department of Insurance simultaneously issued LDOI Bulletin No. 08-02 (emphasis added), which stated:

5

> **<u>Policy number and other policy identification information</u>** - The revised **UM** form includes two boxes on the lower right hand corner of the form.
>
> - The upper box contains an area that the insurer <u>may</u> use for policy information purposes (e.g. policy number, binder number, application number, etc.) **This box does not need to be filled in for the form to be properly completed.**

Accordingly, National Union argues that the requirement in *Duncan* that the policy number appear on the form was abrogated by the Department of Insurance.

The sole issue in this case is whether there remains an issue of fact as to the validity and sufficiency of the UM waiver completed by Mr. Huntley on December 19, 2012, and whether that UM waiver applied to the renewal policy and excluded UM coverage for the accident that occurred on January 1, 2014.

National Union argues that the form is sufficient because the option to waive coverage is initialed and signed by Mr. Huntley, whom it claims is a legal representative of CVS. Mr. Huntley's name is properly printed below the signature in the box the commissioner's form provided for the named insured **or** legal representative to sign, the form is properly initialed rejecting UM coverage, and is dated. Having presented a properly completed and signed form, National Union argues that it is entitled to a rebuttable presumption that UM coverage was validly waived for the renewal policy issued by AIG/National Union, effective January 1, 2014 through January 1, 2015.

Mr. Stall argues that the UM coverage waiver is unclear and mistakable because it does not adequately reference the underlying policy. He further argues that while the form purports to meet the requirements enunciated by the Department of Insurance, the form completed by Mr. Huntley lacks sufficient information to connect it to the underlying policy because it does not include the

6

name of the named insured or a policy number. Further, the name of the insurance group printed on the 2012 form, Chartis, is different from the name of the group that issued the 2014-2015 renewal policy, AIG. Finally, Mr. Stall pointed out at the hearing on the motion for partial summary judgment that there is no evidence in the record before the court that showed who Mr. Huntley is or in what capacity he signed the waiver of UM coverage.

In *Harper v. Direct Gen. Ins. Co.*, 08-2874 (La. 2/13/09), 2 So.3d 418, the supreme court held that when a legal representative signs a UM coverage waiver form and the name of the corporate insured is printed on the form, it is unnecessary for the name of the insured to be included on the form. The court specifically pointed out that the disjunctive "or" is used in La.R.S. 22:1295(1)(a)(ii) (emphasis added): "named insured **or** legal representative." *Harper*, 2 So.3d at 420. It was unnecessary for the form to include the named insured **and** the name of the legal representative who signs on behalf of the named insured.

Similarly, in *Banquer v. Guidroz*, 09-466 (La. 5/15/09), 8 So.3d 559, the supreme court found a UM coverage waiver was valid where the name of the person who signed the form did not appear on the form, but the name of the corporation on whose behalf he was acting did appear on the form. We note that in both *Harper* and *Guidroz*, the UM insurer introduced unrefuted affidavits stating the name of the legal representative and the fact that they had the authority to act on behalf of the named insured. Similar affidavits were not produced in this case; however, we are not ruling on National Union's motion. "A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." La.Code Civ.P. art. 966(F). National Union notes that in this case the UM waiver was actually attached to the 2013

7

policy at issue and introduced into evidence at the summary judgment hearing, thus creating a rebuttable presumption that the otherwise properly executed UM waiver was valid. We agree.

The "CVS Caremark's Privilege Log for Documents Produced by Marsh," the insurer's agent, in response to the Subpoena Duces Tecum issued by Mr. Stall, references Policy Number 519-62-34, valid from January 1, 2013 to January 1, 2014 at 12:01 a.m., and its **renewal** Policy Number 706-27-98, valid from January 1, 2014 to January 1, 2015 at 12:01a.m. Although the entirety of Policy Number 519-62-34 is not part of Mr. Stall's submissions in support of his partial motion for summary judgment, the December 19, 2012 UM waiver immediately follows the "CERTIFICATE OF LIABILITY INSURANCE" form dated 12/28/2012 for "CVS CAREMARK CORPORATION" as a portion of the attachments filed on October 24, 2016, and properly introduced into evidence by Mr. Stall's counsel in connection with the summary judgment hearing.

Further, in support of National Union's opposition to Mr. Stall's motion for partial summary judgment filed on November 28, 2016, National Union filed into the record the entirety of the policies at issue, covering the period from January 1, 2013 through January 1, 2015 at 12:01 a.m., with the UM waiver properly attached. The **renewal** Policy Number 706-27-98, valid from January 1, 2014 to January 1, 2015 at 12:01 a.m., is applicable to the accident at issue occurring on January 1, 2014, and "shall remain valid . . . and shall not require the completion of a new selection form when a renewal . . . policy is issued to the same named insured by the same insurer or any of its affiliates." La.R.S. 22:1295(1)(a)(ii).

In *Nat'l Interstate Ins. Co. v. Collins*, 08-693 (La.App. 1 Cir. 2/13/09), 9 So.3d 881, the first circuit held that the owner of a bus company did not validly

8

waive UM coverage where the form he signed included neither the name of the insured company nor a statement that the signatory was signing in a representative capacity. The supreme court granted a writ of certiorari and summarily reversed, stating:

> We find the Uninsured/Underinsured Motorist Bodily Injury Coverage Form in this matter satisfies the six-part test enunciated in *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544; see *Harper v. Direct General Insurance Company, et al.*, 08-2874 (La.2/13/09), 2 So.3d 418. While the facts in *Harper* are distinguishable from this matter in that the named insured was printed on the form, *Harper* reiterates that in *Duncan* this Court used the disjunctive "or" with regard to the completion of task "3" stating that "printing the name of the named insured or legal representative" satisfies task "3." *Harper*, 2 So.3d at 419. As such, **because there was no question as to which policy was involved** and the legal representative's name was printed on the waiver form, it is valid. The Court of Appeal's ruling is reversed and the judgment of the trial court is reinstated.

*Nat'l Interstate Ins. Co. v. Collins*, 09-1214 (La. 11/6/09), 21 So.3d 316 (emphasis added).

In that case, the policy number was on the UM waiver form and the supreme court found that there was no question that the owner of the bus company intended to waive UM coverage for the bus company. Similarly, in this case, the UM waiver was incorporated into the renewals of all policies at issue and filed in evidence with the entire applicable policies by National Union.

Likewise, a panel of this court found that UM coverage was validly waived in *Weems v. Houston Specialty Ins. Co.*, 17-14 (La.App. 3 Cir. 5/17/17), 222 So.3d 728, *writ denied*, 17-1038, (La. 10/9/17), 227 So.3d 836. In *Weems*, "Tim Moran" signed a UM coverage waiver for a policy provided to Cane River Construction LLC and printed his own name on the form. The form did not include the policy

9

number.  In finding that the form met the requirements of LDOI Bulletin No. 08-02, this court stated:

> Certain facts pertaining to the execution of the UM waiver are undisputed.  Mr. Tim Moran was the owner and principal of Cane River in 2011, and was authorized to either accept or reject UM coverage on behalf of Cane River when he obtained the automobile bodily injury liability insurance policy at issue.  Mr. Moran negotiated with Moreman Moore's agent, Mr. Dickerson, in order for Cane River to secure insurance coverage.

*Weems*, 222 So.3d at 729.

As part of the summary judgment evidence in this case, plaintiff alleged, and defendant admitted that the policies produced by the insured's agent and introduced in evidence at the summary judgment hearing were in force and effect and did provide liability coverage at the time of the collision.  There was no dispute that the 2014 policy was a renewal of the 2013 policy, and that the UM waiver on the form provided by the Commissioner was executed and attached to that policy.  In its brief on appeal, counsel for National Union agreed that the UM waiver attached to the 2014 policy was dated after the accident in question, but noted that the UM waiver attached to the 2013 policy applied to the 2014 policy renewal pursuant to La.R.S. 22:1295(1)(a)(ii) (emphasis added), which does not require "the completion of a new selection form when **a renewal**, reinstatement, substitute, or amended policy is issued to the same insured by the same insurer **or any of its affiliates.**"  Here, there is no dispute that National Union provided the coverage in 2012, 2013, 2014, and 2015, as shown by the policies in evidence, and that La.R.S. 22:1295(1)(a)(ii) applies to the policies at issue.  The underlying liability and UM policy limits admittedly did not change when the policy was renewed.

Counsel for plaintiff and the trial court noted that the printed name of the

10

insurer on the 2012 policy was "Chartis," while the printed name on the renewal policy in 2014 was "AIG/National Union." All policies are in evidence and show that the affiliated company actually issuing the policy is National Union, the entity plaintiff named in his suit as the proper UM carrier for CVS, the named insured. We find no merit to plaintiff's argument that the difference in printed names on the bottom of the UM waiver is significant and creates uncertainty, but if it does, again, that presents an issue of fact making summary judgment improper as to plaintiff's motion.

In *Fontenot v. American Home Assurance Co.*, 12-243 (La.App. 1 Cir. 11/15/12) (unpublished opinion), *writ denied*, 12-2704 (La. 2/8/13), 108 So.3d 90, a panel of the first circuit held that the UM statute does not require the execution of an affidavit attesting to the validity of the UM waiver form or the authority of the representative who signed the form.

Finally, the recent decision in the United States District Court, W.D. District Louisiana, *Osborne v. Benson,* No. 6:15-CV-02845, 2017 WL 4365821, (W.D. La. 9/29/17) was brought to our attention by counsel for National Union in a post-argument letter brief. In that case, the trial judge held that the LDOI Bulletin 08-02, which provides mandatory instructions for a complete and valid UM form, "does not contain a requirement for an affidavit, nor any further evidence confirming the name of the authorized representative." *Osborne*, 6:15-CV-02845, 2017 WL 4365821, at * 5 (W.D. La. 9/29/17).

In this case, it is undisputed that the named insured is CVS. David Huntley did print his name in the exact space on the Commissioner's form provided for the named insured, and then signed his name properly in the space labeled "signature." The rejection of UM coverage was likewise clearly initialed by Mr. Huntley on the

11

form. This form **is attached to and forms part of the policy plaintiff alleges provides UM coverage**, and all policies in question are in evidence.

As in *Collins*, 21 So.3d 316, we find that the UM rejection form is presumptively valid in this case even though the representative capacity of the signatory was not placed on the form. The supreme court noted that "printing the name of the named insured **or** legal representative" on the form was sufficient. *Collins*, 21 So.3d 316 (emphasis added) (quoting La.Code Civ.P. art. 966(D)). *See also Fontenot*, 21 So.3d 316, and *Osborne*, 2017 WL 4365821.

National Union filed a cross motion for partial summary judgment on this issue, but it has not yet been heard. Thus, we are addressing only plaintiff's motion at this time. As to that motion, we find that the UM waiver is presumptively valid. At the very least, on the record before us there is a genuine issue of material fact as to the authority of Mr. Huntley to sign the waiver on behalf of CVS.

## CONCLUSION

For the foregoing reasons, we hereby reverse the trial court's ruling granting partial summary judgment on the issue of the validity of the UM waiver and remand the case to the trial court for further proceedings. All costs are assessed to plaintiff, Aaron Allen Stall.

**REVERSED AND REMANDED.**

NUMBER 17-439

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

AARON ALLEN STALL

VERSUS

MERCURY INS. CO. OF FLORIDA, ET AL.

AMY, J., dissenting.

I respectfully dissent from the majority opinion, as I find that an affirmation is appropriate. Reference to the burden of proof is critical in this case. The plaintiff filed the underlying motion for summary judgment. In this regard, La.Code Civ.P. art. 966(D)(1) provides that the burden of proving entitlement to summary judgment rests with the mover. However, pertinent to this case, Article 966(D)(1) further provides that:

> [I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Of course, National Union, as the insurer, would bear the burden of proving at trial that the named insured rejected UM coverage equal to the bodily injury coverage or that it selected lower limited coverage. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839 (quoting *Duncan v. U.S.A.A. Ins. Co.*, 06-0363 (La. 11/29/06), 950 So.2d 544).

In my opinion, and for reasons more specifically addressed by Judge Pickett in her dissent, the plaintiff adequately pointed out an absence of factual support for

National Union's claim of a valid UM waiver. Namely, the waiver form lacked a policy number, the name of the insured, or any indication of the signatory's authority. Thus, it was incumbent on National Union, as the party that would be required to bear the burden of proof at trial, "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La.Code Civ.P. art. 966(D)(1). However, and given the deficiencies of the UM waiver form, National Union failed to produce further factual support establishing the existence of a genuine issue of material fact as to the validity—or rather invalidity—of that waiver. Rather, National Union's opposition to the motion for summary judgment was silent as to those deficiencies. Thus, in my opinion, National Union failed to satisfy the requirements of La.Code Civ.P. art. 966(D)(1) in its opposition to the plaintiff's motion for summary judgment, and the trial court's ruling must be affirmed.

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 17-439

AARON ALLEN STALL

VERSUS

MERCURY INSURANCE COMPANY OF FLORIDA, ET AL.

**Pickett, J., dissents and assigns reasons.**

I respectfully dissent from the majority's opinion.

I join Judge Amy's dissent, which concludes that the burden of proof rests with National Union to prove a valid waiver of UM coverage. Based on the totality of circumstances in this case, I find the UM coverage waiver produced by National Union is insufficient to prove that CVS clearly and unmistakably waived UM coverage. The form signed by Mr. Huntley on December 19, 2012, lacks any indicia of connexity with the policy in force on January 1, 2014, when the accident at issue in this case occurred. There is no policy number to reference the UM waiver form to the original 2013-2014 policy or the 2014-2015 renewal policy, as in *National Interstate Insurance Co. v. Collins*, 08-693 (La.App. 1 Cir. 2/13/09), 9 So.3d 881, *reversed*, 09-1214 (La. 11/6/09), 21 So.3d 316. The name of the insured, CVS, which would link the UM coverage waiver to the underlying policy is not on the form. There is nothing on the form to indicate that Mr. Huntley is signing the form as an agent for CVS. Finally, unlike the signatory in *Weems v. Houston Specialty Insurance Co.*, 17-14 (LaApp. 3 Cir. 5/17/17), 222 So.3d 72, there is no showing that Mr. Huntley had the capacity to act on behalf of CVS.

Because National Union failed to prove that a valid UM coverage waiver was executed for the National Union policy in force on January 1, 2014, I would affirm the judgment of the trial court.