# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-14


**WILLIAM WEEMS, ET AL.**

**VERSUS**

**HOUSTON SPECIALTY INS. CO., ET AL.**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-85164, DIV. A
HONORABLE DESIREE DYESS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN E. CONERY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, John E. Conery, and David E. Chatelain, Judges.


**AFFIRMED.**


*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Joseph Payne Williams**
**Williams Family Law Firm, LLC**
**Post Office Box 15**
**Natchitoches, Louisiana 71458-0015**
**(318) 352-6695**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **William Weems and Tina Weems Indiv. & on b/h of**
     **Hailey Brooke Weems and Dylan Chase Weems**

**Donald James Armand, Jr.**
**Pettiette, Armand, Dunkelman**
**Post Office Box 1786**
**Shreveport, Louisiana 71166-1786**
**(318) 221-1800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Houston Specialty Ins. Co.**

**Brian Allen Homza**
**Cook, Yancey, King & Galloway**
**333 Texas Street, Suite 1700**
**Shreveport, Louisiana 71120**
**(318) 221-6277**
**COUNSEL FOR THIRD PARTY/APPELLEE:**
    **Moreman, Moore & Company**
    **Jeff Dickerson**

**CONERY, Judge.**

William A. Weems and Tina Weems, individually and on behalf of their minor children Hailey Brooke Weems and Dylan Chase Weems (Weems plaintiffs), appeal the June 23, 2016 judgment of the trial court denying their motion for partial summary judgment and granting summary judgment in favor of defendant, Houston Specialty Insurance Company (Houston Specialty) and partial summary judgment in favor of third party defendants, Jeff Dickerson and Moreman, Moore & Company, Inc. (Moreman Moore). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On August 31, 2011, Mr. Weems, an employee of Cane River Construction LLC (Cane River), was driving Cane River's 1995 Chevorolet Model 3500 vehicle on Interstate-49, while in the course and scope of his employment, when he was struck from behind by a 2005 Chevorlet Suburban and severely injured.

Houston Specialty provided automobile liability insurance to Cane River. Under the terms of the policy, which covered the period from March 26, 2011 to March 26, 2012, the automobile bodily injury liability limit was one million dollars. Due to the severity of his injuries, Mr. Weems sought uninsured/underinsured motorist (UM) coverage under Cane River's policy issued by Houston Specialty. Houston Specialty denied that its policy provided UM coverage to Cane River, and in the alternative, filed a third party demand against Moreman Moore, its insurance agent, and Mr. Dickerson, the agent at Moreman Moore responsible for obtaining the documents necessary to complete Houston Specialty's in house file.

Certain facts pertaining to the execution of the UM waiver are undisputed. Mr. Tim Moran was the owner and principal of Cane River in 2011, and was authorized to either accept or reject UM coverage on behalf of Cane River when he

obtained the automobile bodily injury liability insurance policy at issue. Mr. Moran negotiated with Moreman Moore's agent, Mr. Dickerson, in order for Cane River to secure insurance coverage.

On August 28, 2008, the Commissioner of Insurance, (Commissioner) had promulgated LDOI Bulletin No. 08-02, which included a revised UM waiver form that became mandatory on or after January 1, 2010. On the date at issue in this case, insurance companies were required to use the revised UM waiver form included in LDOI Bulletin No. 08-02 in securing a determination by a client of whether to accept or reject UM insurance coverage, or accept UM coverage at lower limits.

On March 23, 2011, Mr. Dickerson delivered an application form, and in accordance with LDOI Bulletin No. 08-02, the mandated blank Uninsured/Underinsured Motorist Bodily Injury Coverage Form (UM waiver form) to Mr. Moran on behalf of Cane River. Mr. Moran properly completed, signed and dated the UM waiver form rejecting the UM coverage available under the automobile bodily injury liability insurance policy of one million dollars the next day on March 24, 2011. He faxed the documents, including the UM waiver form mandated by the Commissioner, to Moreman Moore, who in turn emailed the signed forms to RISCOM, Houston Specialty's Managing General Agent. On March 25, 2011, RISCOM, on behalf of Houston Specialty **bound**[1] the policy, and sent an email to Moreman Moore giving notice that the policy was bound and effective immediatly. An automobile bodily injury liability insurance policy

---

[1] The term "bound" is defined in Black's Law Dictionary as "1.Constrained by a contractual or other obligation." Therefore, at the time RISCOM gave notice to Moreman Moore that the insurance policy was bound, Houston Specialties was contractually obligated to provide automobile bodily injury liability insurance coverage to Cane River, which, as per Mr. Moran's direction, did not include UM coverage.

covering the period from March 26, 2011 to March 26, 2012 was in fact issued to Cane River by Houston Specialty without any UM coverage based on the UM waiver signed on behalf of Cane River by Mr. Moran.

It is also undisputed that the UM waiver form in question did not contain a policy number. As per the instructions of LDOI Bulletin No. 08-02, which were applicable to the UM waiver form signed by Mr. Moran on behalf of Cane River, a policy number was not required for the UM waiver form at issue to be properly completed **before the policy was bound and legally in effect**.

Specifically in LDOI Bulletin No. 08-02, the Commissioner stated under the section entitled "**Important Form Changes**" as follows:

> **Policy number and other policy indentification information -** The revised UM form includes two boxes on the lower right hand corner of the form.
>
> The upper box contains an area that the insurer <u>may</u> use for policy information purposes (e.g. policy number, binder number, application number, etc.) **This box does not need to be filled in for the form to be properly completed.**

(Emphasis added.)

On the revised UM form incorporated into LDOI Bulletin No. 08-02 issued by the Commissioner, the upper box described above states, "<Optional Information for Policy Identification Purposes Only>[.]"

The trial court relied on LDOI Bulletin No. 08-02 in granting summary judgment in favor of Houston Specialty and partial summary judgment in favor of Moreman Moore, and denying the partial summary judgment of the Weems plaintiffs. Reasons for judgment were issued June 3, 2016, and the trial court's judgment was signed on June 23, 2016, refecting the trial court's ruling granting summary judgment in favor of Houston Specialty and partial summary judgment in

favor of Moreman Moore and Mr. Dickerson, and denying the partial summary judgment of the Weems plaintiffs.

Pursuant to La.Code Civ.P. art. 1915(B)(1), the trial court designated the partial summary judgment granted to Moreman Moore and Mr. Dickerson as final and appealable. It is from the trial court's June 23, 2016 judgment that the Weems plaintiffs have timely appealed.

## ASSIGNMENTS OF ERROR

The Weems plaintiffs assign the following errors on appeal:

1. The trial court legally erred and/or was manifestly erroneous in granting the motion for summary judgment by Houston Specialty Insurance Company, and denying Plaintiffs' motion for summary judgment, because there is a genuine issue of material fact as to whether or not a valid UM waiver form existed on August 31, 2011.

2. The trial judge legally erred and/or was manifestly erroneous in granting the motion for summary judgment by Houston Specialty Insurance Company, and denying Plaintiffs' motion for summary judgment, because there is a genuine issue of material fact as to whether or not a controlling superseding UM waiver form was created after the accident on August 31, 2011.

3. The trial court legally erred and/or was manifestly erroneous in granting the partial summary judgment of [Moreman], Moore & Company, Inc. and Jeff Dickerson to the extent it holds there is no UM coverage under Houston Specialty's liability policy on August 31, 2011.[2]

## LAW AND DISCUSSION

*Standard of Review*

The Louisiana Supreme Court in *Gray v. American Nationa. Property & Casualty Co.*, 07-1670, pp. 6-7 (La. 2/26/08), 977 So.2d 839, 844 succinctly

---

[2]The record reflects that the Weems plaintiffs initially argued to the trial court in their motion for summary judgment that the UM waiver form was invalid because it did not contain the policy number of the automobile bodily injury liability policy issued to Cane River. The Weems plaintiffs do not raise or address this argument in their brief to this court, so this argument is considered abandoned. Uniform Rules-Court of Appeal, Rule 2-12.

4

provided the standard of review when cross-motions for summary judgment are before the trial court:

> When an appellate court reviews a district court judgment on a motion for summary judgment, it applies the *de novo* standard of review, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to a judgment as a matter of law." *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638. Because this case involves cross motions for summary judgment, "we will determine whether either party has established there are no genuine issue of material fact and [that] it is entitled to judgment as a matter of law." *Duncan v. U.S.A.A. Ins. Co.*, 06-0363, p.4 (La.11/29/06), 950 So.2d 544, 547.

Further, *Gray*, 977 So.2d at 844, instructed, "In so doing, we must be mindful of the burdens of proof imposed upon a movant in a motion for summary judgment," which are now found in La.Code Civ.P. art. 966 which provides:

> D. (1) The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

The trial court in its reasons for judgment correctly summed up the only material issue before the court and stated:

> Although there was a considerable amount of argument presented, the Court believes that the issue before the Court is rather straightforward. In January 1, 2010, according to Louisiana Department of Insurance Bulletin No. 08-02, the revised "new" Commissioner's UM waiver form became mandatory. This form was used in this case. The automobile accident occurred on August 31, 2011. On March 24, 2011, Tim Moran completed, signed, and dated the UM waiver form along with other forms, and faxed them to Moreman Moore (Defendant's Exhibit A). On the UM waiver form, Cane River explicitly rejected UM coverage (Defendants Exhibits A,

5

A-3). The policy was written without UM coverage and became effective as of March 26, 2011.

## *Assignment of Errors*

The Weems plaintiffs argue in their assignment of errors that there are material issues of fact that should have precluded the granting of both the summary judgment to Houston Specialty and the partial summary judgment to Moreman Moore and Mr. Dickerson. They further argue that the addition of the policy number to the UM waiver form after the August 11, 2011 accident also created a genuine issue of material fact as to whether a superseding UM waiver form was created.

The supreme court in *Chicas v. Doe*, 15-147, p. 1 (La. 5/1/15), 166 So.3d 238, 238 (alteration in original), succinctly summarized the law as to the validity of the Commissioner's UM waiver form:

> The regulations of the Commissioner of Insurance, as contained in LDOI Bulletin 08-02, provide for a box on the UM selection form which the insurer may use for policy information purposes, such as policy number, binder number, application number, etc. The regulations further provide, "[t]his box does not need to be filled in for the form to be properly completed." In light of this provision, the absence of a blank box for the policy number does not create a question of fact concerning the form's validity.

Thus, once the mandatory UM waiver form was properly executed by Mr. Moran, despite the lack of a policy number and in spite of the addition of a policy number after the August 11, 2011 accident, there is no question of material fact that Cane River validly rejected UM coverage in conjunction with the automobile bodily injury liability insurance coverage purchased from Moreman Moore and Houston Specialty. The law is clear that a policy number on the UM waiver form is optional and not required for a valid waiver of UM coverage.

Therefore, we find that the trial court correctly ruled, "that the Cane River

6

UM Form was valid when it was signed, it was valid when the accident occurred, and it was valid when the policy number was later added to it after the accident."

## CONCLUSION

For the foregoing reasons, the trial court's judgment dated June 23, 2016, is affirmed in its entirety, granting summary judgment, and dismissing all claims made by plaintiffs, William A. Weems and Tina Weems, individually and on behalf of their minor children Hailey Brooke Weems and Dylan Chase Weems, against Houston Specialty Insurance Company. Further, the partial summary judgment filed on behalf of third-party defendants, Jeff Dickerson and Moreman, Moore & Company, Inc. is also affirmed. Finally, the trial court's decision to deny the motion for partial summary judgment filed on behalf of the plaintiffs, William A. Weems and Tina Weems, individually and on behalf of their minor children Hailey Brooke Weems and Dylan Chase Weems is affirmed. All costs of this appeal are assessed to the plaintiffs William A. Weems and Tina Weems, individually and on behalf of their minor children Hailey Brooke Weems and Dylan Chase Weems.

**AFFIRMED.**