AMY, J., dissenting.
I respectfully dissent from the majority opinion, as I find that an affirmation is appropriate. Reference to the burden of proof is critical in this case. The plaintiff filed the underlying motion for summary judgment. In this regard, La.Code Civ.P. art. 966(D)(1) provides that the burden of proving entitlement to summary judgment rests with the mover. However, pertinent to this case, Article 966(D)(1) further provides that:
[I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.
Of course, National Union, as the insurer, would bear the burden of proving at trial that the named insured rejected UM coverage equal to the bodily injury coverage *53 or that it selected lower limited coverage. Gray v. Am. Nat'l Prop. & Cas. Co. , 07-1670 (La. 2/26/08), 977 So.2d 839 (quoting Duncan v. U.S.A.A. Ins. Co. , 06-0363 (La. 11/29/06), 950 So.2d 544).
In my opinion, and for reasons more specifically addressed by Judge Pickett in her dissent, the plaintiff adequately pointed out an absence of factual support for
National Union's claim of a valid UM waiver. Namely, the waiver form lacked a policy number, the name of the insured, or any indication of the signatory's authority. Thus, it was incumbent on National Union, as the party that would be required to bear the burden of proof at trial, "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La.Code Civ.P. art. 966(D)(1). However, and given the deficiencies of the UM waiver form, National Union failed to produce further factual support establishing the existence of a genuine issue of material fact as to the validity-or rather invalidity-of that waiver. Rather, National Union's opposition to the motion for summary judgment was silent as to those deficiencies. Thus, in my opinion, National Union failed to satisfy the requirements of La.Code Civ.P. art. 966(D)(1) in its opposition to the plaintiff's motion for summary judgment, and the trial court's ruling must be affirmed.
Pickett, J., dissents and assigns reasons.
I respectfully dissent from the majority's opinion.
I join Judge Amy's dissent, which concludes that the burden of proof rests with National Union to prove a valid waiver of UM coverage. Based on the totality of circumstances in this case, I find the UM coverage waiver produced by National Union is insufficient to prove that CVS clearly and unmistakably waived UM coverage. The form signed by Mr. Huntley on December 19, 2012, lacks any indicia of connexity with the policy in force on January 1, 2014, when the accident at issue in this case occurred. There is no policy number to reference the UM waiver form to the original 2013-2014 policy or the 2014-2015 renewal policy, as in National Interstate Insurance Co. v. Collins , 08-693 (La.App. 1 Cir. 2/13/09), 9 So.3d 881, reversed , 09-1214 (La. 11/6/09), 21 So.3d 316. The name of the insured, CVS, which would link the UM coverage waiver to the underlying policy is not on the form. There is nothing on the form to indicate that Mr. Huntley is signing the form as an agent for CVS. Finally, unlike the signatory in Weems v. Houston Specialty Insurance Co. , 17-14 (La. App. 3 Cir. 5/17/17), 222 So.3d 728, there is no showing that Mr. Huntley had the capacity to act on behalf of CVS.
Because National Union failed to prove that a valid UM coverage waiver was executed for the National Union policy in force on January 1, 2014, I would affirm the judgment of the trial court.